UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CIV-LENARD/O'SULLIVAN

K.G., by and through his next friend,
Iliana Garrido,

    Plaintiff,

v.

Elizabeth Dudek, in her official
Capacity as Secretary, Florida Agency for
Health Care Administration,

    Defendant.
_____/

## JOINT SCHEDULING REPORT, JOINT PROPOSED SCHEDULING FORM, AND JOINT CONSENT TO MAGISTRATE

In response to the Court's April 7, 2011 Order Requiring the Parties to Prepare and File a Joint Scheduling Report and Form (D.E. 20 "the Order" at 7), the parties have met by telephone conference on April 21, 2011 and May 4, 2011 and submit the joint statement below and Attachment A, Joint Scheduling Form. Pursuant to the Order, the parties have also completed the attached form consenting to jurisdiction by the Magistrate Judge (D.E. 20 at 5, *see* Attachment B).

(a) <u>Likelihood of settlement</u>:

The parties have been and will continue to negotiate in good faith, but at this time, believe the case should go forward.

(b) <u>Likelihood of the appearance of additional parties</u>:

Plaintiff does not now anticipate joining additional defendants. Plaintiff anticipates the possibility of moving to join additional plaintiff(s).

Defendant reserves the right to object to adding additional plaintiff(s).

  (c) <u>Necessity or desirability of amendments to pleadings:</u>

In the event additional parties are added, the moving party will need to amend the Complaint. Otherwise, the parties do not currently anticipate the necessity for amending the pleadings. The parties reserve the right to object to any proposed amendments.

  (d) <u>Proposals to simplify issues:</u>

The Plaintiff believes that this case rests on an issue of law regarding whether the federal Medicaid law cited in the Complaint requires the Defendant to provide Medicaid recipients under age 21 with coverage of medically necessary behavioral health services to treat autism. Plaintiff notes that the pending motion for Preliminary Injunction has been fully briefed and believes that an expedited ruling will simplify any factual or legal issues that may remain prior to entry of a final order.  The Defendant believes this case rests both on the issue of law stated above, which could be resolved on partial summary judgment, as well as on a factual dispute over whether or not the Defendant's determination that applied behavioral analysis (ABA) is "experimental" was an abuse of discretion. Plaintiff believes there is no material dispute over whether ABA is experimental.

  (e) <u>Suggestions for avoiding unnecessary proof and cumulative evidence:</u>

At this time, the parties do not have suggestions for avoiding unnecessary proof and cumulative evidence.

  (f) <u>Possibility of obtaining admissions of fact and documents and stipulations Regarding authenticity:</u>

The parties may stipulate to many facts. The parties may stipulate to the authenticity and admissibility of documents. The parties will continue to pursue efforts to obtain stipulations regarding the admissibility of documents and facts about which no dispute exists.

    (g)    <u>Preliminary estimate of time needed for trial:</u>

The parties do not anticipate the need for trial unless the Court denies Plaintiff's motion for Summary Judgment due to genuine issues of material fact. If Plaintiff does not prevail on Summary Judgment, thereby necessitating the need for a trial, then the issues would increase in complexity. The Plaintiff estimates that it will take approximately two (2) days to complete the trial. The Defendant estimates that it will take approximately two (2) to four (4) days to complete the trial.

  (h)  <u>Any other information that might be helpful to the Court</u>

Plaintiff notes that the issue in this case is systemic and affects numerous indigent children in the state of Florida who suffer from autism and other autism spectrum disorders and whose doctors have prescribed behavioral health services, including ABA. Plaintiff filed this case seeking declaratory and injunctive relief which would remedy the alleged violation for all similarly situated children. Plaintiff believes that the legality of the challenged state rule can be addressed by this Court without moving to add additional plaintiff(s) or moving for class certification. Defendant reserves the right to object to adding additional plaintiffs and/or class certification in the event Plaintiff files such a motion(s).

The Defendant notes with respect that the Court's role in this matter is limited to a review of Defendant's decision for reasonableness. The question before the Court is not whether ABA is experimental. Rather, the question is whether the Defendant's determination that ABA is experimental was reasonable. <u>See</u> <u>Miller by Miller v. Whitburn</u>, 10 F.3d 1315, 1321 (7th Cir. 1993) (holding that the district court was limited to deciding only whether the state's decision that a liver-bowel transplant was experimental was reasonable); <u>Rush v. Parham</u>, 625 F.2d 1150, 1156-57 (5th Cir. 1980) (remanding to the district court to determine whether state's

determination that transsexual surgery is experimental is reasonable).  Because the Defendant believes that the Court's role as a reviewing authority rather than decision-making authority in this matter is essential to the proper disposition of this case, the Defendant respectfully requests the opportunity for additional briefing on this issue.  Also, as this distinction regarding the Court's role will have a significant impact on the scope of discovery, the Defendant requests that the Court hold a scheduling conference with the parties to discuss this question. The Plaintiff objects to all of the above paragraph as an inappropriate use of this Joint Scheduling Report. Plaintiff asserts that Defendant's statement essentially reargues matters already fully briefed in the pending motion for preliminary injunction.  The cases Defendant cites above were addressed by both parties. *See*  D.E. 17 at 6-7, D.E. 21 at 3.  Moreover, Plaintiff objects to Defendant's request for additional briefing on the standard of review. Plaintiff notes that this issue has also been addressed by both parties and additional briefing at this juncture would serve no purpose other than to delay a ruling on Preliminary Injunction.   Plaintiff further notes that there is ample opportunity in the parties' proposed Joint Scheduling Form for the Defendant to reiterate and revisit these issues.

Respectfully submitted this 6th day of May, 2011

s/Miriam Harmatz
Miriam Harmatz
miriam@floridalegal.org
Florida Bar No. 0562017
Florida Legal Services, Inc.
3000 Biscayne Blvd., Suite 102
Miami, FL 33137
(305) 573-0092, ext. 206
Fax: (305) 576-9664

/s/ Andrew T. Sheeran
Andrew T. Sheeran
Florida Bar No. 0030599
Assistant General Counsel
Agency for Health Care Administration
2727 Mahan Drive, Building MS#3
Tallahassee, FL 32308
(850) 922-5873
Fax: (850) 921-0158
Andrew.Sheeran@ahca.myflorida.com

Neil D. Kodsi
Florida Bar No. 0011255
Alderman & Kodsi
9999 NE 2nd Avenue, Suite 211
Miami Shores, FL 33138
(305) 200-5473
nkodsi@aldermankodsi.com

Monica Vigues-Pitan
Florida Bar No. 0685011
Legal Services of Greater Miami, Inc.
11285 SW 211 Street, Suite 302
Miami, Florida 33189
305/232-9680 extension 3009
Fax: 305/232-3616
MViguesPitan@lsgmi.org

Justin M. Senior
seniorj@ahca.myflorida.com
Chief Appellate Counsel
Florida Bar No. 0079741
Agency for Health Care Administration
2727 Mahan Drive, MS 3
Tallahassee, Florida 32308
(850) 922-5873
Fax: (850)921-0158

## Certificate of Service

I hereby certify that on the 6th day of May, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which generates a notice of the filing to all attorneys of record.

s/ Miriam Harmatz

Miriam Harmatz