UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CIV-LENARD/O'SULLIVAN

K.G., by and through his next friend,
Iliana Garrido, I.D., by and through his next friend,
Nilda Rivera, and C.C., by and through his next friend
Rachelle Crawford,

    Plaintiffs,
v.

Elizabeth Dudek, in her official
Capacity as Secretary, Florida Agency for
Health Care Administration,

    Defendant.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL STAY PENDING APPEAL**

    Plaintiffs respectfully request the opportunity to file a Sur-Reply to Defendant's Reply in Support of her Motion for a Partial Stay Pending Appeal (D.E. 165), and as grounds state as follows:

    Defendant misstates Plaintiffs' position. *See e.g.* "the Injunction reflect[s] a position that all parties agree is erroneous" (D.E. 165 at 3); "the parties agree that it would be inappropriate for the Court to order AHCA to provide ABA services to nonparties for whom AHCA has not made an individualized medical necessity determination . . . " *Id*. at 5. **Plaintiffs do not agree with these assertions.** Plaintiffs do agree that AHCA has the authority to make individualized medical necessity determinations.  Plaintiffs do not agree that the "Injunction reflects an erroneous position." Further, to the extent AHCA has or will provide coverage of ABA to nonparties without performing individual determinations, that is AHCA's choice, and it is neither "inappropriate" nor what the Injunction ordered.

1

Defendant's new misstatements of Plaintiffs' position, which confuse the State's global/macro and individual/micro determinations related to medical necessity, could be clarified in a sur-reply. Regarding the nonparties at issue in Defendant's Motion, the Injunction only addresses AHCA's global determination that ABA was experimental, and, therefore "not medically necessary." *See* Fla. Admin Code R. 59G-1.010 (166)(definition includes five (5) criteria, one of which is that the treatment not be "experimental."*Id*. at (a)3.) The Court found that Defendant's global determination was unreasonable, arbitrary and capricious and ordered that ABA cannot be excluded as a Medicaid covered benefit to treat children with autism disorders. *See,* D.E. 123 at 11-14. Further, in determining that AHCA's global decision not to cover ABA violated EPSDT, the Court found that ABA is necessary to "correct or ameliorate," autism conditions. *See,* D.E. 123 at 9, D.E. 144 at 4 & 6.

Defendant's misstatements ignore her authority to operationalize the Court's macro level decision that ABA is medically necessary to treat children with autism disorders and the Agency's micro level determinations of individual medical necessity by amending the Behavioral Health Services Rule ("Rule") to include ABA as a covered service.[1] This would be consistent with Plaintiffs' requested relief, the Injunction, and the Declaratory Judgment.  *See* D.E. 63 at 12, Sec. C. ii; D.E. 123 at 26; D.E. 144 at 4-6. Notably, AHCA's Rule already contains the requirement that covered services must meet the state's definition of medical necessity.  *See*, Pls'. Trial Ex. 6 at 1-2.

---

[1] *See, e.g. Smith v. Benson*, 703 F.Supp.2d 1262 (S.D. Fla. 2010)(after holding that Florida's rule excluding Medicaid coverage of diapers for medically incontinent children violated EPSDT, the Court "enjoined [Defendant] from denying coverage of diapers to EPSDT eligible children who require such supplies as medically necessary to ameliorate their condition . . .". *Id*. at 1279. Following the injunction, AHCA amended their rule governing medical supplies to delete diapers from the list of excluded items and to specify that diapers are a covered benefit for children ages four to twenty-one.  *See,* Fla. Admin. Code R. 59G-4.070.

A reply must be limited to matters raised in the response. Local Rule 7.1(c) provides that "[t]he movant may . . . serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition." Defendant's misstatements of Plaintiffs' position exceed that limit. Further, in cases where reply briefs have been filed that raise new arguments, courts have either viewed those new arguments as waived, or have allowed the filing of a sur-reply brief. *See Herring v. Secretary, Dep't of Corrections*, 397 F.3d 1338, 1342-1344 (11th Cir. 2005); *Stump v. Gates*, 211 F. 3d 527, 533 (10th Cir. 2000), Plaintiffs are mindful of the administrative burdens this Honorable Court faces, and this Motion is not made simply to have the last word. Defendant, however, has misstated the Plaintiffs' position and applicable law. As AHCA's requested stay affects the welfare of impoverished children with autism spectrum disorders, Plaintiffs respectfully submit that the disposition be based on a complete and accurate understanding of the record and the law. Plaintiffs submit this Sur-Reply will not cause undue delay or undue burden on the Court. If the Court grants this Motion, the Sur-Reply would be filed within five days and be less than five pages in length.

## Certificate of Good Faith Conference

Pursuant to S.D. Fla. L.R. 7.1.A. 3., undersigned counsel for the movant certifies that she has made reasonable efforts to confer with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion, but has been unable to do so.

    s/Miriam Harmatz
    Miriam Harmatz

Respectfully submitted,

s/Miriam Harmatz

3

Miriam Harmatz
Florida Bar No. 0562017
Florida Legal Services, Inc.
3000 Biscayne Blvd., Suite 102
Miami, FL 33137
305/573-0092 ext. 206
Fax: 305/576-9664
Miriam@floridalegal.org

## Certificate of Service

I hereby certify that on the 28th day of August, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which generates a notice of the filing to all attorneys of record.

/s/ Miriam Harmatz
Miriam Harmatz