UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CIV-LENARD/O'SULLIVAN

K.G., by and through his next friend,
Iliana Garrido, I.D., by and through his next friend,
Nilda Rivera, and C.C., by and through his next friend
Rachelle Crawford,

    Plaintiffs,
v.

Elizabeth Dudek, in her official
Capacity as Secretary, Florida Agency for
Health Care Administration,

    Defendant.
_____/

### PLAINTIFFS' SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL STAY PENDING APPEAL

In her Reply, Defendant argues that the Injunction should be partially stayed because the parties "agree" that the Court's Injunction is "erroneous." *See* D.E. 165 at 3. As this is a new argument, appearing for the first time in Defendant's Reply, and it includes significant misrepresentations of Plaintiffs' position, (D.E. 165 at 3, 5), a sur-reply is necessary. *See First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (citation omitted). *See also* D.E. 168. Both of Defendant's misstatements concern the State's authority to perform individual medical necessity determinations.

Defendant's erroneously asserts that "the Injunction reflect[s] a position that all parties agree is erroneous." *See* D.E. 165 at 3; *see also* D.E. 165 at 1. Plaintiffs have made no statements whatsoever that would support this interpretation of their position. Defendant's Motion is premised on her contention that the Order improperly eliminated the State's authority to perform individual medical necessity determinations. *See id.* at 2-3. In response, Plaintiffs

1

repeatedly made two points: (1) Plaintiffs do not dispute that the State has authority to perform individual medical necessity determinations, and (2) the Injunction does not eliminate this authority.  *See* D.E. 164 at 3-5.  Defendant's new argument (italicized below) contains three points: (1) Defendant and Plaintiffs agree that states have authority to perform individual medical necessity determinations; (2) Defendant believes that the Order improperly eliminates the State's authority to perform individual medical necessity determinations; and (3) *therefore, the parties agree that the Order was erroneous*.  *See* D.E. 165 at 1, 3.  This new argument, which blatantly contradicts Plaintiffs' second point, is an egregious misrepresentation of Plaintiffs' stated position.

Defendant also erroneously asserts that "the parties agree that it would be inappropriate for the Court to order AHCA to provide ABA services to nonparties for whom AHCA has not made an individualized medical necessity determination . . ."  *See* D.E. 165 at 5.  Again, Plaintiffs have made no statements whatsoever that would support this interpretation of their position.  *See* D.E. 164 at 3-4.  The Order did not refute binding Eleventh Circuit precedent that a state Medicaid Agency ***can, if it chooses***, perform an independent medical necessity determination on any given prescribed treatment for any given recipient.  *Moore ex rel. Moore v. Reese* held that both the prescribing physician and the state have a role to play in making individual medical necessity determinations.  637 F.3d 1220, 1259-60 (11th Cir. 2011).  *Moore*, which dealt with a state agency's authority to place quantitative limits on a prescribed medical service, held that "the Medicaid Act does not give the treating physician unilateral discretion to define medical necessity so long as the physician does not violate the law or breach ethical duties any more than it gives such discretion to the state so long as the state does not refuse to provide a required service outright."  *See id*.  To the extent that AHCA has or will provide coverage of

prescribed ABA treatment to children without performing individual determinations—that is AHCA's **choice**.[1]  In sum, it is the Agency's choice whether or not to perform an independent medical necessity determination of an individual's prescribed ABA (or on any other prescribed treatment for any other Medicaid recipient), and the Court did not enjoin the State from exercising this discretionary review.

Defendant's misrepresentations, which are indefensible, may be traced to a fundamental misunderstanding of the separate and distinct global/macro and individual/micro determinations related to medical necessity.  AHCA made a global determination that ABA was an "experimental" treatment and therefore "not medically necessary."  *See* D.E. 165 at 2-3. *See also* D.E. 123 at 11.  The Court refuted this macro-level determination after finding that it was "unreasonable, arbitrary, and capricious."  *See* D.E. 123 at 11-14.  Further, in determining that AHCA's global decision not to cover ABA violated EPSDT, the Court held that ABA can be covered under 42 U.S.C. § 1396d(a)(13) and is necessary to "correct or ameliorate" autism conditions.  *See* D.E. 123 at 9; D.E. 144 at 4, 6.

Plaintiffs' position is that the Injunction and the Declaratory Judgment are entirely appropriate.  The Court's macro-level decision that ABA is medically necessary to treat children with autism spectrum disorders and the Agency's micro-level determinations of individual medical necessity can and should be operationalized by amending the Agency's Behavioral Health Services Rule ("Rule") to : 1) delete the exclusion of behavioral health services to treat

---

[1] AHCA strenuously argues that the Court has improperly eliminated the Agency's authority to perform individual medical necessity determinations.  *See, e.g.*, D.E. 165 at 3 (doing so would put the Agency at "risk [of] contempt charges"); D.E. 165 at 7-8 (asserting that if AHCA failed to provide services "without regard to medical necessity," it would be "violating state and federal law").  However, the attached declaration indicates that the Agency appears to be engaged in making medical necessity determinations.  *See* Ex. 1 (Decl. of Dr. Jon Bailey).  *See also* S.D. Fla. R. 7.1(c) (permitting attachment of declarations to reply briefs).

autism and Pervasive Developmental Delay, and  2)  include ABA as a covered service.  This would be consistent with Plaintiffs' requested relief, the Injunction, and the Declaratory Judgment.  *See* D.E. 63 at 12, Sec. C. ii; D.E. 123 at 26; D.E. 144 at 4-6.  As with all covered benefits, the Agency retains the authority to perform individual medical necessity reviews consistent with federal EPSDT requirements.  *See, e.g.*, *Moore*, 637 F.3d at 1259-60.

Respectfully submitted,

s/Miriam Harmatz
Miriam Harmatz
Florida Bar No. 0562017
Florida Legal Services, Inc.
3000 Biscayne Blvd., Suite 102
Miami, FL 33137
305/573-0092  ext. 206
Fax: 305/576-9664
Miriam@floridalegal.org

### Certificate of Service

I hereby certify that on the 17th day of September, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which generates a notice of the filing to all attorneys of record.

/s/ Miriam Harmatz
Miriam Harmatz