UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CIV-LENARD/O'SULLIVAN

K.G., by and through his next friend,
Iliana Garrido, I.D., by and through his next friend,
Nilda Rivera, and C.C., by and through his next friend
Rachelle Crawford,

    Plaintiffs,

v.

Elizabeth Dudek, in her official
Capacity as Secretary, Florida Agency for
Health Care Administration,

    Defendant.

_____/

## PLAINTIFFS' RESPONSE OPPOSING DEFENDANT'S MOTION TO STRIKE

Defendant's Motion to Strike, D.E. 170, should be denied. As a preliminary matter, the Defendant's request is not allowed under the Federal Rule pertaining to such motions. Pursuant to Fed. Rule Civ. P. 12(f), "the court may order stricken from any *pleading*[1] any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added). Motions to strike are generally not available to strike other material. *See, e.g., Friedlander v. Troutman et al*, 595 F. Supp. 1442, 1443 (N.D. Ga. 1984), *rev'd on other grounds*, 788 F. 2d 1500 (11th Cir. 1986) (noting that "although state practice allows motions to strike affidavits, this Court does not entertain them"); *Smith v. Southeastern Stages, Inc.*, 479 F. Supp. 593, 594 (N.D. Ga. 1977) ("motion to strike is only appropriately addressed toward matters contained in the pleadings") (citations omitted). *See also Ysais v. New Mexico Judicial Standard Comm'n,*

---

[1] "Pleadings" include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint, and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7.

1

616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (while a motion to strike under Federal Rule of Civil Procedure 12(f) applies only to material contained in a pleading, "[t]he exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule…'" (internal citations omitted)).  Here, Defendant has not only failed to acknowledge the limited scope of Rule 12(f), she has offered no authority for deviating from the technical application of the Rule.

Moreover, even when properly filed in response to matters in a *pleading*, motions to strike are strongly disfavored, and the burden on the moving party is significant.  *See, e.g., Augusts v. Bd. of Pub. Instruction,* 306 F. 2d 862, 868 (5th Cir. 1962) ("[a] disputed question of fact cannot be decided on a motion to strike"); *Cherry v. Crow*, 845 F. Supp. 1520, 1524 (M.D. Fla. 1994) (motions to strike "are not favored, and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties").

In support of her motion, the Defendant argues that Dr. Bailey's declaration was hearsay and that the email it contained from an ABA provider who attempted to obtain Medicaid approval for his patients' ABA therapy was "false."  D.E. 170 at 2.  This material could not possibly be further removed from the realm of a relevant and permissible Fed. R. Civ. P. 12(f) motion to strike.  A Final Judgment has been entered and an appeal has been filed. *See* D.E. 144, 155.  Nonetheless, Defendant seeks to strike a footnote in a Sur-Reply related to her Motion for a Partial Stay of the Amended Permanent Injunction.  The relevant text from the email at issue, which was sent by Matt Potak to other ABA providers and experts including Dr. Bailey, was as follows:

> "I received a phone call from the Medicaid office after I submitted all the required supplemental information.  They informed me that they are now requesting supplemental information from a medical doctor to show medical necessity.  Also,

they are now requesting a 'behavioral health report' from a psychologist, mental health counselor or neurologist to determine diagnosis and also medical necessity."

D.E. 169-1 at 3.

Plaintiffs could have easily avoided the "hearsay within hearsay" charge (D.E. 170 at 2) by attaching a declaration from Mr. Potak attesting to the interchange described in the mail. But the "truth of the matter asserted," i.e., whether an AHCA regional official told a provider that the Agency was now performing individual ABA medical necessity reviews, is ultimately irrelevant. Plaintiffs have explained *ad nauseum* that the extent to which AHCA has or will provide coverage of prescribed ABA treatment to children without performing individual medical necessity determinations **is AHCA's choice**. *See* D.E. 164 at 3-5; D.E. 169 at 2-3.

## Conclusion

Under Fed. R. Civ. P. 12(f) and well-established case law, Defendant's Motion to Strike should be denied.

Respectfully submitted,

s/Miriam Harmatz
Miriam Harmatz
Florida Bar No. 0562017
Florida Legal Services, Inc.
3000 Biscayne Blvd., Suite 102
Miami, FL 33137
305/573-0092 ext. 206
Fax: 305/576-9664
Miriam@floridalegal.org

## Certificate of Service

I hereby certify that on the 16th day of October 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which generates a notice of the filing to all attorneys of record.

/s/ Miriam Harmatz

3

Miriam Harmatz