UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CIV-LENARD/GOODMAN

K.G., et. al.

    Plaintiff,

v.

Elizabeth Dudek

    Defendant.
_____/

## PLAINTIFFS'/APPELLEES' APPLICATION FOR APPELLATE ATTORNEYS' FEES AND MEMORANDUM OF LAW IN SUPPORT THEREOF

As set forth below, Plaintiffs prevailed in this appeal and are entitled to attorneys' fees under 42 U.S.C. § 1988.

### I. SUMMARY OF PROCEDURAL HISTORY, ARGUMENT AND REQUESTED RELIEF

1. Plaintiffs/Appellees ("Plaintiffs") are three young children suffering from autism who rely on Medicaid. They filed a complaint under 42 U.S.C. § 1983 challenging the Agency for Health Care Administration's ("AHCA") rule governing Behavioral Health Services ("the Rule") as violating Plaintiffs' rights under the Medicaid Act's EPSDT and Comparability requirements.

2. Plaintiffs alleged that the Rule violated their rights in two respects. First, one section of the Rule explicitly excluded Medicaid coverage of any treatment for autism and pervasive developmental delay.[1] *See* D.E. 63-1 at 1, Rule at 2-1-4 (excluding treatment for autism). Second, the Rule, which lists all Medicaid-covered services and their procedure codes, did not

---

[1] *See Garrido v. Dudek,* 731 F.3d 1152, 1155 (11th Cir. 2013) ("Autism is one condition in a spectrum of other pervasive development disorders, collectively called autism spectrum disorders ("ASD.") (referred to as "autism" in this brief).

1

include Applied Behavioral Analysis ("ABA") as a covered service. *See* D.E. 153, Trial Ex. 6; Rule Table of Contents; Rule at 2-1-5 "Service Exclusions" (specifying that services are not covered unless they have procedure codes). Both violations needed to be enjoined in order for Plaintiffs to obtain complete relief.

    3. Because Plaintiffs challenged these polices that applied statewide to all Medicaid recipients, two of their requests for injunctive relief extended to nonparties: 1) an order enjoining AHCA to delete the Rule's exclusion of behavioral health services to treat autism; and 2) an order enjoining AHCA to include ABA as a covered Medicaid treatment for children with autism. *See* Pls.' First Am. Compl. for Declaratory and Injunctive Relief, D.E. 63 at 12(C)(i)-(ii). Plaintiffs also requested that AHCA be ordered to provide the individual Plaintiffs with coverage of their medically necessary ABA. D.E. 63 at 12(C)(iii).

    4. On March 26, 2012, the District Court entered a seven paragraph Amended Permanent Injunction Order ("Injunction") requiring AHCA, *inter alia*, to delete the Rule's exclusion of any treatment for autism (D.E. 123 at 26 ¶1) and to inform providers that ABA is now a covered Medicaid service for children who have been diagnosed with autism and to provide authorization codes so that providers could bill for the service. D.E. 123 at 26, ¶¶ 3,4,5.

    5. The District Court further ordered AHCA to:

- Provide, fund, and authorize Applied Behavioral Analysis treatment to Plaintiffs K.G., I.D., and C.C., as well as to all Medicaid-eligible persons under the age of 21 in Florida who have been diagnosed with autism or Autism Spectrum Disorder, as prescribed by a physician or other licensed practitioner.

- Take whatever additional steps are necessary for the immediate and orderly administration of ABA treatment for Medicaid-eligible persons under the age of 21 who have been diagnosed with autism or Autism Spectrum Disorder.

D.E. 123 at 26, ¶¶ 2, 6.. *Garrido,* 731 F.3d at 1160.

6. In response to the Injunction, AHCA issued a *Health Care Alerts & Provider Alerts Message,* describing the procedures by which ABA could be requested, provided, and reimbursed. The document stated that *"[a] federal judge ordered Florida Medicaid to cover [ABA] for the treatment of autism spectrum disorders for children under the age of 21. The Agency intends to appeal the order and that if the ruling is overturned Medicaid will cease to cover these services for the treatment of autism."* D.E. 140-2 at 1 (emphasis added).

7. Shortly after filing its Notice of Appeal, AHCA moved the District Court to stay the Injunction as to nonparties pending the appeal. For the first time, AHCA argued that it was improper to grant injunctive relief benefitting nonparties in the absence of a certified class.[2] D.E. 158 at 9-12. AHCA also argued that the District Court had improperly "stripped" AHCA of its role in medical necessity determinations. D.E. 158 at 2-6. Plaintiffs responded that class certification is not required for affirmative injunctive relief benefitting nonparties. D.E. 164 at 5-8. Plaintiffs also responded that while the District Court did not eliminate the requirement of individual medical necessity or the State's role in making that determination, D.E. 164 at 3-5, they had no objection to modifying the Injunction accordingly. D.E. 164 at 4, n.2; 12. The District Court denied the stay. D.E. 183.

8. The parties participated in mediation which was unsucipated.

9. On appeal, AHCA argued that the Injunction was overbroad for two *separate* reasons. First, AHCA argued that the Injunction ostensibly required the Agency to provide Medicaid coverage of ABA treatment for all children with autism, regardless of whether it is medically necessary for the individual child and without allowing the state a role in that determination. *See*

---

[2] AHCA never made this argument below. To the contrary, throughout the proceedings, including pre-trial stipulations, AHCA's only objection *vis a viz* nonparties was that providing ABA as a covered Medicaid service would be expensive. *See, e.g.,* D.E. 98-1 at 3; D.E. 115 at 10 ¶¶ 34-39.

3

(Appellant's Brief at 13-25 ("*The Injunction is Overbroad Because It Requires Medicaid Coverage of ABA Services Regardless of Individual Medical-Necessity Determinations.*").)

10. Second, AHCA argued that the Injunction improperly extended affirmative injunctive relief to nonparties in the absence of a class. *See* Initial Brief of Appellant at 25-32[3] ("*The Injunction is Overbroad Because It Extends Injunctive Relief to Nonparties*") ( "AHCA Initial Br.").

11. Additionally, AHCA argued that the District Court abused its discretion in issuing a Declaratory Judgment that was written by Plaintiffs and that purports to benefit nonparties. AHCA Initial Br. at iii (IV) and 33-36.

12. Of the Injunction's seven paragraphs and the Plaintiffs' three injunctive relief requests, AHCA's Initial Brief specified that the Agency did not challenge: 1) "Plaintiffs' present entitlement to ABA." (corresponding to Plaintiffs third request for relief (D.E. 63 at 12(C)(iii)), and the first clause in ¶ 2 of Injunction, D.E. 123 at 26;[4] and 2) invalidating that portion of the rule that stated "Medicaid does not pay for community behavioral health services for treatment of autism" (corresponding to Plaintiffs' first request for relief, D.E. 63 at 12(C)(i), and ¶ 1 of Injunction. D.E. 123 at 25). AHCA Initial Br. at 12.

---

[3] Pagination is to the bottom of the page, rather than the watermark at the top of the page.

[4] The Eleventh Circuit's opinion contains a scrivener's error regarding what AHCA did not challenge on appeal, stating, "Dudek does not challenge that section of the permanent injunction invalidating the Handbook/ Rule *excluding ABA treatment* from Medicaid coverage." *Garrido* 731 F.3d at 1158. As this error is in dicta and had no impact on the ruling, Plaintiffs did not file for rehearing and respectfully offer this clarification as it pertains to fees. As noted above, what Dudek did not challenge was ¶ 1 of the Injunction which enjoined AHCA from enforcing that section of the Rule at 2-1-4 *excluding Medicaid payment for treating Autism Spectrum Disorders*. AHCA Initial Br. at 12.

13. AHCA sought specific relief, asking the Eleventh Circuit to "*vacate the injunctive and declaratory relief and remand for entry of a limited order affording relief only to the Plaintiffs.*" AHCA Initial Br. at 37 (emphasis added).

14.  In response to AHCA's first appellate argument, Plaintiffs explained that the trial court did not eliminate the requirement of individual medical necessity or the State's role in that determination (a view later confirmed by the trial court and the Eleventh Circuit).  *See* D.E. 183; *see also Garrido* 731 F.3d at 1159.  Also, Plaintiffs again noted that while they did not believe modification was necessary, they would not oppose modification to ¶ 2 of the Injunction. Appellees' Brief, *Garrido v. Dudek*, ( "Pls' Br."); *see also supra* ¶ 7.

15. In response to AHCA's second argument, Plaintiffs explained why their complete relief required affirmatively enjoining AHCA to make ABA a covered treatment for autism. (Pls.' Br. at 33-38.)

16. In Reply, AHCA shifted position once again and newly argued that ordering coverage of ABA was overbroad because ABA was allegedly already included in the Rule. C*ompare, e.g.* AHCA Reply Br.10, n. 5 ("the Handbook [Rule] describes covered services in terms that could easily embrace ABA") *with* D.E. 98-1 ¶¶37, 39 *("[t]he Rule does not provide coverage of ABA services. . . There is no exception in the rule for recipients under 21"*).  This argument contradicted AHCA's position in their Initial Brief and the trial court record. *See, e.g.,* AHCA Initial Br. at 12; *supra* ¶ 6.

17. On September 20, 2013, the Court of Appeals for the Eleventh Circuit issued an opinion stating "we affirm in part, but reverse and remand to the District Court for modification of the injunction and declaratory judgment in the manner prescribed . . . ." *See Garrido* 731 F.3d at 1161.

5

18. In affirming, the appeals court ruled, "[i]n sum, the district court did not abuse its discretion in issuing a permanent injunction. . . require[ing] Medicaid coverage of this treatment." *Id.* at 1152.

19. In reversing and remanding, the appeals court modified ¶¶ 2 and 6 of the Injunction to delete references to nonparties for the express purpose of conforming those paragraphs with the District Court's analysis regarding medical necessity and with "what was actually decided." *Garrido*, 731 F.3d at 1160.  The appeals court further ordered insertion of two paragraphs in the declaratory judgment stating AHCA's authority (never disputed by Plaintiffs) to make individual medical necessity determinations. *Id*. at 1161.

20. In its conclusion, the appeals court ordered the District Court to "publish the permanent injunction order, as revised, in its entirety and the declaratory judgment order, as revised, in its entirety so that each of the complete orders is available in one document." *Id.*

21. On October 24, 2013, Plaintiffs timely requested an award of attorneys' fees for the time spent on this appeal, pursuant to 11th Cir. R. 39-2.

## II.     PLAINTIFFS/APPELLEES ARE THE PREVAILING PARTY

A comparison of the relief each party requested and received demonstrates that Plaintiffs are the prevailing party in this case.  Plaintiffs asked for:

1) An order that Defendant amend its Behavioral Health Services Rule ("the Rule" or "Handbook") at 2-1-4 to delete ASDs [autism spectrum disorders] as diagnoses excluded from Medicaid coverage;

2) An order that the Defendant amend the Rule to include coverage of medically necessary Applied Behavior Analysis ("ABA");

3) An order ensuring that the three Plaintiffs receive coverage of medically necessary ABA.

D.E. 63 at 12(C)(i)-(iii).  The District Court granted all three requests for relief.

AHCA's appeal challenged relief related to the Plaintiffs' second request as improperly extending affirmative injunctive relief benefitting non-parties. *See* AHCA's Initial Br. at ii (Section III), 25-32; *supra* ¶ 10. Overturning this aspect of the District Court's Injunction was vitally important to AHCA. Indeed, AHCA informed all participating providers that it "***intends to appeal this ruling [to cover ABA for children with autism]. If the ruling is overturned, Medicaid will cease to cover these services for the treatment of autism spectrum disorders.***" D.E. 140-2 at 1-3.

AHCA lost this critical issue. The Eleventh Circuit held there was *"no abuse of discretion in issuing a permanent injunction that . . . requires Medicaid coverage of this treatment." Garrido*, 731 F.3d at 1160 (emphasis added). AHCA's loss and Plaintiffs' victory are further underscored by AHCA's failure to persuade the Court to "vacate the injunctive and declaratory relief and to remand for entry of a limited order affording relief only to Plaintiffs." AHCA Initial Br. at 37. Indeed, the appeals court not only rejected AHCA's vacatur request, it ordered, *sua sponte*, that both the previously unpublished Declaratory Judgment and the Injunction be published in their entirety. *Id*; *see also supra* ¶ 11.

Because Plaintiffs preserved all of the injunctive and declaratory relief they requested in their complaint and all of the *necessary* relief they were awarded by the trial court, they are entitled to reasonable attorneys' fees. *See, e.g., Texas State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989) (finding that plaintiffs prevail for the purpose of attorneys' fees under 42 U.S.C § 1988 if they "succeed on any significant issue….which achieves some benefit the parties sought in bringing suit [and can] point to a resolution of the dispute which changes the legal relationship between itself and the defendant."). Here, Plaintiffs brought this suit seeking an order that ABA be a covered Medicaid treatment for

children with autism. From the outset, they were clear that their requested affirmative injunctive relief would benefit nonparties. *See, e.g.*, Jt. Scheduling Order, D.E. 27 at 3. After achieving this benefit at the trial level, they successfully defeated AHCA's overbreadth challenge and the Agency's request that the orders be vacated and relief limited to the Plaintiffs. Moreover, the ordered publication of the Declaratory Judgment and the Injunction, which establishes that ABA is a Medicaid covered autism treatment for EPSDT eligible children for whom it is medically necessary, memorializes the parties' changed "legal relationship." *See Garrido*, 731 F.3d at 1161; *Garrido v. Dudek*, 2013 WL 5930764 at 8-13 (S.D. Fla. Nov. 5, 2013).

As to AHCA's first appellate argument (*supra* ¶ 9), Plaintiffs never disputed that a Medicaid-covered service must be medically necessary for each individual child and that the State has a role to play in that determination; the only dispute on appeal was whether the trial court ordered otherwise. Pls.' Br. at 16-20; D.E. 98-1 at 12, sec. 7, ¶ 2; D.E. 164 at 3; D.E. 166 at 1; D.E. 183 at 13, 18. In rejecting AHCA's argument that the trial court had abused its discretion and erroneously determined that ABA was medically necessary for every child with autism, the Eleventh Circuit made two salient observations: 1) the District Court's analysis was confined to consideration of whether ABA was experimental (only one of several considerations in a medical necessity determination); and 2) the question of individual medical necessity determinations (other than for Plaintiffs) was not before the District Court. *Garrido*, 731 F.3d at 1159-60; *see also* D.E. 183 at 10-11, 13, 18. Nonetheless, to conform the language of the order with the District Court's proper analysis of medical necessity and "what was actually decided," the appeals court remanded for deletion of two phrases referring to "all Medicaid-eligible persons under the age of 21." *Compare Garrido*, 731 F.3d at 1160, ¶¶ 2, 6 *with* D.E. 123 at 26, ¶¶ 2, 6. In addition, the Eleventh Circuit ordered that two paragraphs be added to the

8

Declaratory Judgment reiterating AHCA's authority to make individual medical necessity determinations. *Garrido*, 731 F.3d at 1161.  As noted,  Plaintiffs never disputed these issues.  To the contrary, they repeatedly stated they were amenable to such modifications.  *See, e.g.,* D.E. 98-1 at 12; D.E. 164 at 3-5, 12; D.E. 169 at 2; Pls.' Br. at 22, September 13, 2013 (Oral Argument).  Moreover, the revisions have no impact on Plaintiffs' status as the prevailing party. Plaintiffs prevailed because they successfully defended the affirmative injunctive relief that "changed the legal relationship" between Plaintiffs and AHCA by requiring that ABA be a covered Medicaid service. *See Texas State Teachers,* 489 U.S. at 792.

Finally, in order to successfully challenge a district court's Injunction or Declaratory Judgment, an appellant must demonstrate an abuse of discretion. *Garrido*, 731 F.3d at 1158 (*citing Angel Flight of Ga*., Inc., 522 F.3d 1200, 1208 (11th Cir.2008)); *Frulla v. CRA Holdings, Inc*., 543 F.3d 1247, 1251 (11th Cir.2008).  The Eleventh Circuit's ruling that there was "no abuse of discretion," conclusively demonstrates that Plaintiffs prevailed.  *Id*. at 1160.

### III.   THE ATTORNEYS' FEES SOUGHT ARE REASONABLE

#### A.  The Number of Hours Claimed is Reasonable

The Supreme Court has instructed that "the most useful starting point for determining the amount of a reasonable fee [under § 1988] is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In support of this application, Plaintiffs are submitting the documentation required under 11th Cir. R. 39-2(b). The total enumerated hours are 898.5.  Plaintiffs have exercised significant billing discretion and are only seeking compensation for 606 hours.[5]  Notably, Plaintiffs are not

---

[5] This does not include the time spent preparing the Reply Brief in support of attorneys' fees Plaintiffs filed in the Eleventh Circuit (December 6, 2013 ) or time spent in preparing this brief. Plaintiffs will respectfully submit supplemental time records as allowed by the Court for any

seeking reimbursement for over a third of the time spent on this appeal, and have deleted time spent in addressing AHCA's first issue on appeal. *See supra* ¶ 9; s*ee, e.g.*, M. Harmatz Aff. at ¶¶ 17, 19. The total amount of fees sought is $271,770.

The Eleventh Circuit's standardized forms categorizing and detailing the total hours billed by each of Plaintiffs' attorneys in this appeal, along with their contemporaneous time records, are attached as Composite Exhibit A. Affidavits of Plaintiffs' attorneys attesting to the truthfulness of the information contained in this application and further supporting the reasonableness of the time expended (*see* M. Harmatz Aff.) are attached in Composite Exhibit B.

### B. Requested Rates Are Reasonable

In deciding whether an hourly rate is reasonable, the Court must consider the "skills, experience, and reputation" of the attorneys requesting the fees. *See Loranger v. Stierheim*, 10 F.3d 776 (11th Cir.1994). The Supreme Court has held that fees for the work of legal aid attorneys should be calculated at rates comparable to those charged by private attorneys in the community with comparable experience. *Blum v. Stenson*, 465 U.S. 886, 892-96 (1984). As documented in the affidavits and resumes in Composite Exhibit B, Plaintiffs' attorneys' rates are reasonable under the comparable attorney standard. *See also* Ex. C.

### CONCLUSION

WHEREFORE, Plaintiffs/Appellees respectfully request this Court to enter an Order awarding attorneys' fees for the reasonable time they expended in this appeal.

Dated: April 28, 2014

Respectfully submitted,

/s/ Miriam Harmatz

---

additional time required to litigate the appellate fee matter. *See Martin v. Univ. of So. Ala.*, 911 F. 2d. 604 (11th Cir. 1990) (holding time spent litigating fees fully compensable).

                Miriam Harmatz
                Florida Bar No. 0562017
                Florida Legal Services, Inc.
                3000 Biscayne Boulevard, Suite 102
                Miami, Florida 33137
                Tel.: 305/573-0092
                Fax: 305/576-9664
                Miriam@floridalegal.org

## CERTIFICATE OF SERVICE

   I certify that on April 28, 2014, a copy of foregoing document and supporting attachments were served by electronic mail to the email addresses listed below. I also certify that the parties have agreed to accept electronic service.

Allen Winsor
Chief Deputy Solicitor General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399
Allen.winsor@myfloridalegal.com

Stuart Williams
General Counsel
AHCA
2727 Mahan Drive, MS#3
Tallahassee, Florida 32308
Stuart.Williams@ahca.myflorida.com

Cynthia Hain
Assistant General Counsel
AHCA
2727 Mahan Drive, MS#3
Tallahassee, Florida 32308
Cynthia.Hain@ahca.myflorida.com

Leslei G. Street
Chief Litigation Counsel
Office of the General Counsel
2727 Mahan Drive, Mail Stop #3
Tallahassee, FL 32308
Leslei.Street@ahca.myflorida.com

George N. Meros, Jr.
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
George.Meros@gray-robinson.com

Andy Bardos
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Andy.Bardos@gray-robinson.com

                /s/ Miriam Harmatz
                Miriam Harmatz