UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-cv-20684-JAL

K.G., *et al.*,
Plaintiffs,

v.

Elizabeth Dudek,
Defendant.
_____/

**DEFENDANT/APPELLANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS/APPELLEES' APPLICATION
FOR APPELLATE ATTORNEYS' FEES**

Defendant/Appellant Elizabeth Dudek, in her official capacity as Secretary of the Florida

Agency for Health Care Administration ("AHCA"), files this Response in Opposition to

Plaintiffs/Appellees' Application for Appellate Attorneys' Fees ("Application"), and says:

As set forth below in the Memorandum of Law, incorporated by reference, Appellees did

not prevail on a legal issue or obtain additional relief from the appeal and therefore cannot be the

prevailing party on appeal.  Thus, Appellees are not entitled to an award of attorneys' fees for

their attorneys' work at the appellate level.  If the Court finds that Appellees did prevail on

appeal, however, the appellate fees they seek are unreasonable and an across-the-board reduction

of 60% is warranted.

Most of Appellees' Application recites matters that took place before this Court – and

they have already been paid attorney's fees for their work at the trial level.  Their apparent

attempt to cloud the appellate fees issue should be disregarded and only the issues on appeal

analyzed for the purpose of determining whether Appellees meet the legal standard for an award

of fees:  did they prevail on a legal issue on appeal or obtain additional relief on appeal.

1

MEMORANDUM OF LAW

I.     _Appellees Did Not Prevail on Appeal_

A prevailing party in a 42 U.S.C. § 1983 proceeding can be entitled to attorney's fees for the work done on the appeal.  *See, e.g., Jean v. Nelson*, 863 F.2d 759, 770 (11th Cir. 1988) (EAJA),[1] *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990).  The party seeking appellate attorneys' fees, however, must actually prevail on a legal issue or obtain additional relief from the appeal.  *Jean*, 863 F.2d at 770-771 (emphasis added); *Institutionalized Juveniles v. Sec'y of Pub. Welfare,* 758 F.2d 897, 920 (3d Cir. 1985) (disallowing fees spent litigating a case "after the date on which plaintiffs received their last benefit from the defendants")).  Plaintiffs, as Appellees, did not seek any additional relief on appeal.  Thus, the only question here is whether Appellees prevailed on a legal issue on appeal.

The only way to determine whether Appellees prevailed on a legal issue on appeal is to define the scope of the appeal, i.e., what issues were actually litigated.  The 11th Circuit clearly articulated the issues on appeal as follows:

> At the outset we note that Defendant Dudek does not challenge either Plaintiffs' entitlement to ABA treatment as a covered Medicaid service or that section of the permanent injunction invalidating the Handbook Rule excluding ABA treatment from Medicaid coverage.
>
> Rather, Dudek appeals the scope of the permanent injunction and declaratory judgment, contending that both go beyond what was necessary to afford Plaintiffs complete relief.  Dudek argues that the district court entered an injunction that impermissibly provides that all autistic Medicaid recipients under the age of 21 with a prescription for ABA are automatically entitled to ABA treatment, regardless of the medical necessity of ABA treatment in any individual case.  Thus, Dudek contends, the injunction interferes with Florida's policy decision to limit Medicaid coverage to medically necessary services, and it deprives AHCA

---

[1] *Jean* concerned fees under the Equal Access to Justice Act, but the same prevailing party standards applied to it as to 42 U.S.C. § 1988.  *Jean,* 863 F.2d at 766.

2

of its statutory responsibility to assess the medical necessity of prescribed services in individual cases. . . .

*Garrido v. Dudek*, 731 F.3d 1152, 1158 (11th Cir. 2013) (emphasis added).

These were the issues on appeal, and on these issues AHCA prevailed: the 11th Circuit vacated the portions of the Amended Injunction and Declaratory Judgment that extended relief to "all Medicaid-eligible persons under the age of 21 in Florida who have been diagnosed with autism or Autism Spectrum Disorder, as prescribed by a physician or other licensed practitioner," *id.* at 1160 nn. 2, 3, and added twice to the declaratory judgment that the "declaration does not eliminate the Defendant's authority to make individual medical necessity determinations, in accordance with governing law and regulations," *id.* at 1161.  In requiring these changes, the 11th Circuit made it clear that AHCA retains the authority to determine medical necessity on a case-by-case basis – exactly and only what AHCA sought on appeal. Appellees, on the other hand, did not prevail on either legal issue and, as noted, did not seek or obtain any kind of additional relief.

Appellees argue generally that they prevailed because everything they won in this Court remains unaffected and they did not contest the relief AHCA sought on appeal.  *See generally* Application at 7-9.  This argument says nothing about what Appellees accomplished on appeal. They are wrong that they prevailed because the 11th Circuit stated that this Court did not abuse its discretion "in issuing a permanent injunction that . . . requires Medicaid coverage of this treatment."  *See* Application at 7, *quoting Garrido*, 731 F.3d at 1160.  That was not a legal issue on appeal, and the quoted appellate statement is simply dicta.

They are additionally wrong in their claim that the 11th Circuit rejected "AHCA's argument that [this] court had abused its discretion and erroneously determined that ABA was medically necessary for every child with autism."  *See* Application at 8.  The issue on appeal, as

identified by the 11th Circuit in the highlighted language from the opinion quoted above, was whether "the injunction interferes with Florida's policy decision to limit Medicaid coverage to medically necessary services, and [] deprives AHCA of its statutory responsibility to assess the medical necessity of prescribed services in individual cases." On this legal issue, the 11th Circuit agreed with AHCA, noting that "the language of [this] court's ruling made it appear that the district court had made a wholesale determination that ABA is always medically necessary to treat a Medicaid-eligible minor's [Autistic Spectrum Disorder]." *Garrido*, 731 F.3d at 1160.  By direction of the 11th Circuit, the Amended Injunction and Declaratory Judgment was modified to reflect AHCA's reason for the appeal.

Because Appellees did not prevail on a legal issue on appeal and did not seek or obtain any kind of additional relief on appeal, they cannot be considered the prevailing party and are not entitled to appellate attorneys' fees.  Consequently, their application should be denied.

II.    <u>If Appellees are Found to be the Prevailing Party on Appeal, Their Requested Fees Should be Reduced as Unreasonable</u>

If this Court were to determine that Appellees prevailed on appeal, the fees they seek are unreasonable and should be reduced.  Their claimed rates are much higher than the prevailing market rate and they claim an unreasonable amount of hours, many of which are improper or not properly identified.  *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996) (party seeking fees must "submit satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable").

This Court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008).  AHCA suggests an across the board cut and submits **Composite Exhibit A** to assist the Court's review.  Composite Exhibit A identifies requested fees that are unreasonable because the time

records improperly include block billing (notation "B") or reflect insufficient detail (notation "I"), duplication and overstaffing (notation "D"), excessive hours (notation "E"); unnecessary time or tasks (notation "U"); or time spent in connection with amicus, unfiled documents, and overhead (notations "A"; "NF"; and "O").

A.    *The Requested Hourly Rates Are Too High*

Appellees must produce evidence that the requested rates are in line with the prevailing market rate paid to counsel of similar qualifications and experience in cases litigated in the area where the lawsuit is filed.  *See Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).  Appellees submit an attorney survey as evidence of the prevailing market rate, which they buttress through self-serving affidavits.  The evidence they present is insufficient to establish that their claimed rates fall within the market rate.  *Id.* at 1299.  Cases similar to this case show that, at the <u>high</u> end, the prevailing market rate is no more than $385 for a senior level attorney and no more than $185 for junior level associates.[2]

All of Appellees' requested rates are well in excess of the prevailing market rate for attorneys of their experience in the area where the appeal was filed.  Appellees attorneys should be awarded no more than the following hourly rates, which are consistent with awards given in similar cases to attorneys with similar experience in the South Florida legal community: (1) Ms. Harmatz: $385; (2) Ms. Perkins: $385; (3) Ms. Viques-Pitan: $300; (4) Ms. Havens: $185; and (5) Ms. Kosyk: $175.

---

[2] *See, e.g., R.L. v. Miami-Dade Cnty. Sch. Bd.*, 2013 WL 2157156, *9 (S.D. Fla. May 17, 2013) (market rate for experienced civil rights litigators is $385 an hour; junior level associates $175-85 an hour); *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.,* 2012 WL 253255, at *1 (S.D. Fla. Jan. 26, 2012) (average hourly rate of $350 for attorneys a reasonable market rate); *Brown v. Sch. Bd. of Broward Cnty.*, 2010 WL 3282587, at * 1 (S.D. Fla. April 19, , 2010) ($250 an hour reasonable for an attorney with six years' experience).

B.    *Block Billing Does Not Support an Award of Fees*

The party seeking attorney's fees must produce "meticulous, contemporaneous time records that reveal for each lawyer whose fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Simon v. Leaderscape, LLC*, 565 F. Supp. 2d 1332, 1335 (S.D. Fla. 2008).   Block billing makes an attorney's time records "unnecessarily difficult" to review, *see Galvez v. Cuevas*, 2009 WL 1024632, at *4 (S.D. Fla. Apr. 15, 2009), and warrants an across-the-board reduction.[3]   AHCA objects to 80 hours of block billing.

C.    *Fees Can Not be Awarded Based on Insufficient Detail*

Attorneys are required to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437.   Time entries like those submitted by Appellees' attorneys have been found to be insufficiently detailed.[4]   AHCA identified over 300 hours (51.6%) of fees requested that do not sufficiently describe the nature of the work performed, such as "work on memo," "work on reply brief," or "work on brief." AHCA objects on the basis of insufficient detail to 236 hours, or 63.7%, of Ms. Harmatz's time; 34.8 hours, or 51.6% of Ms. Vigues-Pitan's time; and 29.2 hours, or 33.8% of Ms. Perkins' time. Accordingly, a significant across-the-board reduction in the requested fees is warranted. *Hensley*, 461 U.S. at 433.

---

[3] *See, e.g., Machado v. Da Vittorio,* 2010 WL 2949618, *4 (S.D. Fla. Jul. 26, 2010) (50% reduction); *Blanco v. Trans Atl. Bank,* 2009 WL 2762361, *4 (S.D. Fla. Aug. 31, 2009) (20% reduction); *Lil' Joe Wein Music, Inc. v. Jackson,* 2008 WL 2688117, *13 (S.D. Fla. July 1, 2008) (20% reduction).

[4] *See, e.g., Eugene v. 3Don & Partner Estate Grp.,* 2009 WL 996016, at *8-9 (S.D. Fla. 2009) ([c]onf with Tony; Telephone Conf; Preparation/Receipt and Review of Complaint insufficiently detailed; legal research; conf's with Aldo vague and not compensable - subject of conference is required detail); *Ragin v. Harry Macklowe Real Estate Co.*, 870 F. Supp. 510, 520 (S.D.N.Y. 1994) (insufficient entries include: research for briefs, drafting and editing briefs, telephone calls without explanation of subject matter of call).

D.      *Fees Should Not Be Awarded for Duplication and Overstaffing*

Although fees can sometimes be recovered for the work of multiple lawyers, it must be shown that the lawyers were "not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302; *see also ACLU v. Barnes,* 168 F.3d 423, 432 (11th Cir.1999). Thus, where more than one attorney represents a client, redundant hours generally occur, and the court should carefully scrutinize the number of lawyers present and the roles assumed by each and should deduct for duplication. *Norman*, 836 F. 2d at 1302. In particular, if the issues are not so complicated that one attorney can handle them, it is an abuse of discretion to award fees for multiple attorneys. *See Trimper v. City of Norfolk*, 846 F. Supp. 1295, 1307 (E.D. Va. 1994). Likewise, when multiple attorneys attend the same meeting without justification or appear to be performing the same work without a demonstration of each lawyer's unique contribution to the effort, the court should award only the time of a single attorney. *See In re Mullins*, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by two billing attorneys where three attorneys attended the same meeting).

Here, three attorneys each billed 1.5 hours to attend the appellate mediation; this is duplicative and overstaffing billing. Further, Appellees seek fees for <u>five</u> attorneys working the appeal. Ms. Harmatz clearly did the lion share of the work, based on the hours she billed. Ms. Harmatz's affidavit does not explain, other than in general terms, why the four other attorneys' contributions were material or necessary. Indeed, even a cursory review of the other four attorneys' time records shows that their participation was marginal. Thus, the time claimed for Ms. Perkins, Ms. Vigues-Pitan, Ms. Havens, and Ms. Kosyk (a combined total of 246.9 hours) should not be compensated.

E.      *Fees Should Not be Awarded for Excessive Hours*

Excessive hours include those hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *Norman,* 836 F.2d at 1301 (emphasis in original). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428.   Here, Ms. Harmatz alone seeks more than 150 hours for the Answer Brief, approximately 80 hours to prepare for oral argument, and approximately 45 hours to prepare the Application.   Ms. Harmatz and Ms. Perkins held 5 moot courts (8/14/13, 8/28/13, 9/6/13, 9/10/13, 9/12/13) in preparation for oral argument.   These are simply excessive hours, especially given Ms. Harmatz's experience set out in her affidavit.

Courts have found that over 40 hours to prepare an appellate brief is excessive.[5]  The 80 hours spent preparing for oral argument, on Ms. Harmatz's billing records alone, is excessive. *Kennecott Corp. v. E.P.A.,* 804 F.2d 763, 768 n.5 (D.C. Cir. 1986) (finding 93 hours an excessive amount of time to prepare for oral argument).  As for the 45 hours Ms. Harmatz spent preparing the Application, the Supreme Court has made it clear that "[a] request for attorney's fees should not result in a second major litigation." *Hensley,* 461 U.S. at 437.

Appellees' request for over $270,000 includes fees for excessive time and should be subject to an across-the-board reduction. *Bivins,* 548 F.3d at 1350 ("If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as

---

[5] *See, e.g., Poy v. Boutselis,* 92 Fed. Appx. 5, 6 (1st Cir. 2004) (where factual background not complex and relevant authorities few, no more than 40 hours awarded for the brief); *Michigan v. E.P.A.,* 254 F.3d 1087, 1093 (D.C. Cir. 2001) (reducing by one half the 90 hours spent on brief because hours were excessive); *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1214 (9th Cir. 1986) (47.75 hours researching and drafting appellate brief excessive in light of counsel's familiarity with the issues, experience, and nature of the issues on appeal).

it provides adequate explanation for the decrease.").  Indeed, this excess, when combined with the duplication of efforts outlined above, merits a substantial reduction in the fee award.  *See, e.g., Machado v. Da Vittorio*, 2010 WL 2949618, *4 (S.D. Fla. Jul. 26, 2010) (50% reduction).

F.      *Fees Should Not be Awarded for Unnecessary Time or Tasks*

Activities unnecessary to the litigation are non-compensable.  *Hensley*, 461 U.S. at 434. In this case, most of the Application addresses issues that AHCA did not raise on appeal. AHCA's Composite Exhibit A shows that approximately 72.5 hours, or 20.4%, of Ms. Harmatz's time; 12.7 hours, or 14.7%, of Ms. Perkins' time; and 13.2 hours, or 25% of Ms. Havens' time was spent on arguments raised against issues that were not on appeal or on motions for supplemental briefing or to strike.  Composite Exhibit A also shows that Ms. Perkins seeks fees for 0.8 hours for review of documents that AHCA filed in the district court; this is not compensable as work performed by Plaintiffs/Appellees in the appeal.  Ms. Vigues-Pitan spent 3.8 hours researching medical necessity which, according to Plaintiffs/Appellees, was not a contested issue.  Plaintiffs/Appellees should not be awarded fees for any of these tasks.

G.      *Fees Should Not Be Awarded For Time Spent in Connection With Amicus, Unfiled Documents, and Overhead*

In *Glassroth v. Moore*, 347 F.3d 916, 918-19 (11th Cir. 2003), the 11th Circuit disallowed attorneys' fees for time the plaintiffs spent in connection with amicus briefs supporting their position.  Following *Glassroth,* AHCA identified 15.4 hours of work in connection with Plaintiffs/Appellees' amicus brief, which is not compensable.  AHCA also identified 24.5 non-compensable hours spent on unfiled documents.  *Pascuiti v. N.Y. Yankees,* 108 F. Supp. 2d 258, 268 (S.D.N.Y. 2000) (*citing Gierlinger v. Gleason,* 160 F.3d 858 at 880 (2d Cir. 1998), affirming refusal to award attorneys' fees for 35 hours spent preparing motions that were never filed). Further, Ms. Kosyk spent 4.5 non-compensable hours organizing and reviewing affidavits, fees,

9

and time records for the Application; and Ms. Perkins spent 0.5 non-compensable hours preparing admission papers. *Western Sur. Co. v. Bradford Elec. Co., Inc*., 483 F. Supp. 2d 1114, 1121 (N.D. Ala. 2007) ("[H]ours spent on purely clerical work or secretarial tasks are unrecoverable overhead expenses.").

For the foregoing reasons, AHCA requests that the Court reduce any fee award for Appellees by 60%.  Such a large reduction is warranted where: (1) 5 attorneys created unnecessary and duplicative work on the appeal; (2) approximately 60% of the time spent by lead counsel, Ms. Harmatz, was excessive and the time entries insufficient; (3) approximately 50% of time entries by all attorneys were insufficient; (4) the time spent on the Answer Brief, the Oral Argument, and the Fee Application was excessive; and (5) much of the Application, motions filed, and Answer Brief did not address the actual issues on appeal.

III.    *Motion to Strike*

AHCA is contemporaneously filing a Motion to Strike directed to numerous paragraphs of the affidavit Ms. Harmatz submitted in support of Appellees' Application for Appellate Attorneys' Fees.  "The affidavit is no place for ultimate facts and conclusions of law, nor for argument of the party's cause."  6 J. Moore & J. Wicker, Moore's Federal Practice, § 56.2211, at 743-48 (2d ed. 1982).  In multiple paragraphs, the affidavit argues her cause, misstates "facts," and asserts conclusions of law, all of which should be struck.

IV.    *Conclusion*

AHCA respectfully requests that this Court deny Appellees' Application for Appellate Attorneys' Fees, or, if the Court finds that Appellees prevailed on appeal, make a 60% across-the-board reduction of Appellees' fee award.

Respectfully submitted,


/s/ Leslei G. Street
Stuart F. Williams
General Counsel
Leslei G. Street
Chief Litigation Counsel
Agency for Health Care Administration
2727 Mahan Drive, MS #3
Tallahassee, Florida 32208
Telephone (850) 412-3630
stuart.williams@ahca.myflorida.com
leslei.street@ahca.myflorida.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant/Appellant's

Response in Opposition to Plaintiff/Appellees' Application for Appellate Attorney's Fees was

served on this 5th day of May 2014 by notice of electronic filing on the following:

Miriam Hernandez
Betsy E. Havens
Florida Legal Services, Inc.
3000 Biscayne Boulevard, Suite 102
Miami, Florida 33137
miriam@floridalegal.org
betsy@floridalegal.org
*Counsel for Appellees*

Monica Vigues-Pitan
Legal Services of Greater Miami, Inc.
11285 S.W. 211 Street, Suite 302
Miami, Florida 33189
mviguespitan@lsgmi.org
*Counsel for Appellees*

Jane Perkins
National Health Law Program
101 E. Weaver Street, Suite G-7
Carrboro, North Carolina 27510
perkins@healthlaw.org
*Counsel for Appellees*


/s/ Leslei G. Street
Leslei G. Street


11