# Exhibit 4:

# Appellees'/Plaintiffs' Motion for Leave to File Supplemental Briefing

Case No. 12-13785-DD

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

K.G., by and through his next friend, ILIANA GARRIDO;
I.D., by and through his next friend, NILDA RIVERA; and
C.C., by and through his next friend, RACHELLE CRAWFORD,

Plaintiffs-Appellees,

vs.

ELIZABETH DUDEK, in her official capacity as Secretary, FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,

Defendant-Appellant.

On Appeal from the United States District Court
Southern District of Florida

**PLAINTIFFS'/APPELLEES' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING OR, IN THE ALTERNATIVE, MOTION TO STRIKE NEW ISSUES IN APPELLANT'S REPLY BRIEF**

Miriam Harmatz
Betsy E. Havens
Florida Legal Services, Inc.
3000 Biscayne Boulevard, Suite 102
Miami, Florida 33137
Tel.: 305/573-0092
Fax: 305/576-9664

Jane Perkins
National Health Law Program
101 East Weaver St., Suite G-7
Carrboro, North Carolina
Tel.: 919/968-6308
Fax: 919/698-8855

Monica Vigues-Pitan
Legal Services of Greater Miami, Inc.
3000 Biscayne Boulevard, Suite 500
Miami, Florida 33137
Tel.: 305/438-3817
Fax: 305/232-3616

*COUNSEL FOR APPELLEES*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellees certify that the Certificate of Interested Persons in the first brief filed, "Appellant's Initial Brief," is complete.

# CORPORATE DISCLOSURE STATEMENT

Florida Legal Services, Inc., the National Health Law Program and Legal Services of Greater Miami, Inc. do not have any parent companies, subsidiaries or affiliates.

## PLAINTIFFS'/APELLEES' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF OR, IN THE ALTERNATIVE, MOTION TO STRIKE NEW ISSUES IN APPELANT'S REPLY BRIEF

Secretary Dudek has raised two new arguments in her Reply Brief ("Reply Br.").[1] Because Plaintiffs/Appellees did not have an opportunity to address these arguments, we respectfully move the Court for permission to file a Supplemental Brief or, in the alternative, move the Court to strike the following new arguments: Reply Brief page 10, note 5 and Reply Brief page 12, first full paragraph. In support, Plaintiffs-Appellees state as follows:

It is well established in this Circuit that new issues may not be raised for the first time in a reply brief. *See, e.g., Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1297 (11th Cir. 2010) ("Indeed, evaluating an issue on the merits that has not been raised in the initial brief would undermine the very adversarial nature of our appellate system . . . 'an appellee is entitled to rely on the content of appellant's brief for the scope of the issues appealed.'") (citations omitted)); *Tanner Adver. Grp., L.L.C. v. Fayette Cty., GA*, 451 F.3d 777, 785 (11th Cir. 2006) ("Issues that are clearly not designated in the initial brief are ordinarily considered abandoned.") (citation omitted). *See also Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("[U]nder Fed. R. App. P. 28(c), a reply brief should 'reply to the brief of the

---

[1] Page references to the parties' appellate briefs will be to the pagination at the bottom of the page and not to the Court's electronic watermark at the top of the document.

1

appellee' and is not the appropriate place to raise, for the first time, an issue for appellate review.") (citations omitted). When a reply brief runs afoul of this rule, appropriate relief includes granting appellees' motion to strike. *See, e.g., United States v. Britt*, 437 F.3d 1103, 1105 (11th Cir. 2006) (granting appellee's motion to strike new issue raised in reply brief); *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) (same).

1. **Regarding Reply Brief page 10, footnote 5:** The Secretary newly argues that the Behavioral Health Handbook ("the Rule) "already" provided for coverage of Applied Behavior Analysis (ABA) prior to the injunction; that the only reason Plaintiffs were not able to receive ABA was because the Rule excluded coverage of any behavioral services to treat autism disorders; and that the "billing codes" and "additional necessary steps" ordered by the Court are "not part of this appeal." Reply Br. at 10, n. 5. AHCA now contends that, "It is not necessary to amend the Handbook to include ABA as a covered service because the Handbook describes covered services broadly, in terms that easily embrace ABA services." *Id.*[2] Under this new argument, AHCA asserts that, "It was the Rule's express exception of the treatment of autism that excluded ABA services." *Id.*[3]

---

[2] The new argument that ABA was already "embraced" within currently covered services is also completely at odds with the prior briefing and factual record. *See, e.g.,* Amended Joint Pretrial Stipulation that *"The Rule does not provide coverage of ABA services."* D.E. 98-1 at 7, ¶37 (incorporated into Permanent Injunction Order, D.E. 123 at 6 n. 5) (emphasis added). Indeed, if AHCA had already

2

**2. Regarding Reply Brief at page 12:** AHCA's second new claim is that the permanent injunctive relief is overly expansive because Plaintiffs purportedly "praised" the narrower preliminary injunction and never suggested that the relief it provided was incomplete: "It is inconsistent [for Plaintiffs] to maintain that the preliminary injunction was sufficient to provide complete relief, but that a permanent injunction of similar breadth would be inadequate." *See* Reply Br. at 12-13.

The "praise" AHCA cites to in Plaintiffs'/Appellees' Brief at page 4, related to the positive impact of ABA on K.G.'s condition. *See* Reply Br. at 12. Plaintiffs never addressed the sufficiency or insufficiency of the preliminary injunction in

---

covered ABA, the Agency would not have implemented the attached alert to providers regarding Medicaid coverage of ABA for children with autism (also referred to in Appellees' Response Brief at 8 as "Interim Policy"). *See, e.g.,* Sept. 12, 2012 Revised Alert Part 1, http://www.fdhc.state.fl.us/medicaid/childhealthservices/chc-up/pdfs/Revised_Alert_DD_HC_Part1.pdf (delineating qualifications for ABA providers, coverage requirements for obtaining ABA, and billing codes for provider reimbursement). This new argument is also completely contrary to AHCA's statement alerting providers that the Agency intended to appeal the March 26, 2012 order and that **"[i]f the ruling is overturned, Medicaid will cease to cover these services for the treatment of autism."** Attached Interim Policy Part 1 at 1 (emphasis added).

[3] This argument was not in AHCA's Initial Brief and is also contrary to the Defendant's assertions throughout the trial court proceedings. *See, e.g.,* D.E. 98-1 at 2 (Amended Joint Pretrial Stipulation incorporated into Injunction, D.E. 123 at 6 n. 5) ("Because Defendant is not providing ABA to 'other' Medicaid recipients [recipients whose diagnoses are not among those which, including autism, are excluded from coverage for any treatment], the comparability requirement is not implicated.")

3

providing "complete relief." If Plaintiffs had addressed this issue, they would have noted that K.G. *never* received Medicaid coverage for his ABA under the preliminary injunction order. K.G.'s mother and his ABA provider both testified regarding the fact that Medicaid was *not* paying for KG's treatment, and that, instead, it is was provided *pro bono*. *See* D.E. 147 at 117; D.E. 148 at 12. And while K.G.'s inability to obtain Medicaid coverage for ABA pursuant to the preliminary injunction order was never an issue at the trial court level, the record also demonstrates that it took K.G. over three months before he could even obtain *pro bono* ABA treatment. *Compare* D.E. 74 (Preliminary Injunction entered Nov. 1, 2011) with D.E. 147 at 117 (indicating that on Mar. 27, 2012, K.G. had received one month of ABA).

## Conclusion

For the reasons set forth herein, Plaintiffs/Appellees respectfully request the opportunity to file a supplemental reply brief, or, in the alternative, that the following portions of the Reply Brief be ordered stricken: page 10, footnote 5; page 12, first full paragraph.

Dated: January 28, 2013            Respectfully submitted,

                                   /s/ Miriam Harmatz
                                   Miriam Harmatz

4

## CERTIFICATE OF SERVICE

I certify that on January 28, 2013, a copy of this motion was served by electronic mail to the email addresses listed below. I also certify that the parties have agreed to accept electronic service.

Stuart Williams
General Counsel
AHCA
2727 Mahan Drive, MS #3
Tallahassee, Florida 32308
Stuart.Williams@ahca.myflorida.com

Cynthia Hain
Assistant General Counsel
AHCA
2727 Mahan Drive, MS #3
Tallahassee, Florida 32308
Cynthia.Hain@ahca.myflorida.com

George N. Meros, Jr.
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
George.Meros@gray-robinson.com

Allen Windsor
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Allen.Winsor@gray-robinson.com

Andy Bardos
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Andy.Bardos@gray-robinson.com

/s/ Miriam Harmatz
Miriam Harmatz



**Better Health Care for All Floridians**

# FLORIDA MEDICAID
*A Division of the Agency for Health Care Administration*

## Health Care Alerts & Provider Alerts Messages
## September 2012

**Provider Type(s):** 07, 16, 25, 26, 67, 68, 70, 71, 72, 77 and 91

### Revised Alert for Developmental Disabilities Home and Community Medicaid Waiver Providers

### Medicaid Coverage and Prior Authorization of Applied Behavior Analysis for Children Under 21 with Autism Spectrum Disorder

This alert includes information for <u>Developmental Disabilities Home and Community Medicaid Waiver providers</u>. Information for other qualified provider types can be found in the applicable provider alert. This revised alert supersedes the information specific to Developmental Disabilities Home and Community Medicaid Waiver providers in previous alerts posted on 4/2/12, 4/17/12, 5/17/12, 6/15/12, and 7/6/12.

On March 26, 2012, a federal judge ordered Florida Medicaid to cover Applied Behavior Analysis (ABA) for the treatment of autism spectrum disorders for children under the age of 21, effective April 2, 2012. Please note that the Agency for Health Care Administration intends to appeal this ruling. If the ruling is overturned, Medicaid will cease to cover these services for the treatment of autism spectrum disorders. Any such action will be announced through Provider Alerts and posted on the Medicaid website. The Agency for Health Care Administration (AHCA) will not attempt to recoup payments for ABA services if AHCA is successful in its appeal to the United States Court of Appeals for the Eleventh Circuit. AHCA reserves the right to recoup payments for services not rendered in accordance with the Provider Alerts or subsequent guidance from AHCA.

This alert describes provider qualifications, recipient eligibility criteria, the prior authorization request process, service codes and reimbursement rates, the billing process, place of service codes, and instructions for managed care plans. These services require prior authorization.

Provider Qualifications:

ABA services described in this alert must be rendered by Infant Toddler Developmental Specialists who have certification in behavior analysis and are enrolled as Early Intervention Services providers (see page 1-4 of the Early Intervention Services Coverage and Limitations Handbook for ITDS enrollment criteria) and who have received prior authorization from Medicaid for the service.

**Recipient Eligibility Criteria:**

Qualified treating practitioners may render medically necessary ABA to children having any of the following ICD-9 diagnosis codes: 299, 299.0, 299.00, 299.01, 299.1, 299.10, 299.11, 299.8, 299.80, 299.81, 299.9, 299.90, or 299.91.

In order to ensure continuity of care, contact the local Department of Health, Early Steps program for a child ages 0-3 who is receiving services through the program.

**Prior Authorization Request Process:**

ABA services must be prior approved by Medicaid. If a physician determines that a Medicaid eligible child diagnosed with an autism spectrum disorder needs Applied Behavior Analysis (ABA), the provider must submit a request to the Medicaid area office. The following information must be included:

1. Recipient name, date of birth, Medicaid ID, and current mailing address.
2. Requesting provider name, national provider identifier, address, and telephone and fax numbers.
3. Diagnosis of recipient and diagnosis code.
4. If already assessed, expected duration of ABA treatment.
5. The primary focus of ABA treatment.
6. Medical records that document the diagnosis of autism spectrum disorder.

An optional form for this purpose is available online at the Child Health Check-Up web page. Prior authorization documentation as described above must be submitted to the recipient's Medicaid area office. Contact information for the area offices can be found on the Public Provider Web Portal.

**Service Codes and Reimbursement Rates:**

ABA services must be prior approved by Medicaid. Please consult the Medicaid Early Intervention Services Coverage and Limitations Handbook for service requirements; any exceptions to service limitations will be described in this alert. **Effective with the publication of this provider alert, Early Intervention Services providers may use the approved codes for the treatment of recipients through age five (5).** Services may not duplicate school-based interventions provided under the recipients Individualized Education Plan (IEP). Service delivery must take into consideration the recipient's age and ability to actively participate in interventions. Daily service documentation must include a description

7

of the child's participation and how the child benefitted from the interventions, particularly when interventions are greater than one hour in duration. Reimbursement shall be provided for the time that the provider is directly and actively engaged with the recipient; reimbursement will not be provided for services rendered by paraprofessionals, for the supervision of paraprofessionals, or for rest breaks between sessions. When billing for services for treatment of autism spectrum disorders, the claim must include one of the following as a primary diagnoses: 299, 299.0, 299.00, 299.01, 299.1, 299.10, 299.11, 299.8, 299.80, 299.81, 299.9, 299.90, or 299.91. Eligible service codes and rates of reimbursement for Applied Behavior Analysis services are:

| Description of Service | Procedure Code | Modifier 1 | Modifier 2 | Modifier 3 | Rate | Limits |
|---|---|---|---|---|---|---|
| **Assessment Services** | | | | | | |
| Screening | T1023 | UD | -- | -- | $50.00 per assessment | Three screenings per calendar year |
| Evaluation | T1024 | UD | HN | UK | $27.75 per half-hour unit | Maximum of four units per event, one event per lifetime |
| Follow-up Evaluation | T1024 | UD | TS | -- | $27.75 per half-hour unit | Maximum of four units per event; maximum of three events per calendar year |
| **Treatment Services** | | | | | | |
| Early Intervention Individual Session | T1027 | UD | SC | -- | $12.50 per quarter-hour unit | Maximum combined daily limit of up to 32 quarter-hour units |
| Early Intervention Group Session | T1027 | UD | TT | SC | $6.25 per quarter-hour unit | Maximum combined weekly limit up to 160 quarter-hour units of treatment services |

**Billing Process:**

To bill for the services, providers must submit claims in accordance with the Provider Reimbursement Handbook, CMS-1500 located on the Provider Handbook page of the Public Provider Web Portal. All claims for ABA services for children with autism spectrum disorders must be billed fee-for-service, even for those recipients enrolled in a Medicaid managed care plan. When billing for services for treatment of autism spectrum disorders, the claim must include one of the following primary diagnoses: 299, 299.0, 299.00, 299.01, 299.1, 299.10, 299.11, 299.8, 299.80, 299.81, 299.9, 299.90, or 299.91. Enter "1" for the diagnosis code reference number (pointer) to relate the procedures performed to the primary diagnosis.

Billing will be allowed for dates of service beginning with the date of prior authorization, but

8

not for dates before 4/2/2012. The Florida Medicaid Management Information System is now ready to accept claims for these services.

DO NOT SEND any attachments or medical records to the Medicaid fiscal agent with the CMS-1500 claim form. Regardless of place or dates of service, attachments for Applied Behavior Analysis are not required. All CMS-1500 claims for Applied Behavior Analysis services for children with autism spectrum disorders will be processed per these instructions.

**Place of Service Codes:**

Services must be billed using the correct place of service code for the location of the service provided.

The following place of service codes should be used by Early Intervention Services Providers when submitting claims (see page 2-10 of the Early Intervention Services Coverage and Limitations Handbook):

11 – Office
12 – Home
99 – Other Place of Service

**Instructions for Managed Care Plans:**

Managed care plans are not currently required to authorize or cover Applied Behavior Analysis Services for the treatment of autism spectrum disorders. If a child enrolled in a Medicaid managed care plan requires ABA services, the plan may refer the recipient to any of the identified qualifying providers to receive the service under Medicaid fee-for-service. Alternatively, the managed care plan may refer the recipient to the Medicaid area office for assistance with finding a qualified provider. Managed care plans must share information on how to access ABA services with their contracted community behavioral health and physician providers.

**Other Key Information:**

For questions, contact your local Medicaid area office. Contact information for the area offices can be found on the Public Provider Web Portal.

**LINKS**

Florida Medicaid Web Portal | Florida Medicaid Health Information Network | Florida Medicaid HIPAA Information | HIPAA Transactions & Code Sets Standard | National Provider Identifier Standard (NPI) | Florida Medicaid EHR Incentive Program | FloridaHealthFinder.gov

9

## QUESTIONS ABOUT FLORIDA MEDICAID?

Please direct questions about Medicaid policies to your local Medicaid area office. The Medicaid area offices' addresses and phone numbers are available on the Area Offices Web page.

## ALERTS INFORMATION

The Florida Medicaid program has created an e-mail alert system to supplement the present method of receiving Provider Alerts information and to alert registered subscribers of "late-breaking" health care information. An e-mail will be delivered to your mailbox when Medicaid policy clarifications or other health care information is available that is appropriate for your selected area and provider type.

Visit the Florida Medicaid's Health Care Alerts page to subscribe now. You may unsubscribe or update your subscription at any time by clicking on the "Manage your subscription" icon in the footer of each e-mail. Other questions regarding the e-mail alert system can be sent to the Florida Medicaid Alerts Administrator.