UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CIV-LENARD/GOODMAN

K.G., by and through his next friend,
Iliana Garrido,

      Plaintiff,
v.

Elizabeth Dudek, in her official
Capacity as Secretary, Florida Agency for
Health Care Administration (AHCA),

      Defendant.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATIONS ON APPELLATE ATTORNEYS' FEES
AND NOTICE OF SUBMISSION OF ADDITIONAL FEE CLAIM**

**Introduction and Summary**

Prior to this lawsuit, Florida children who suffered from autism and for whom Applied Behavioral Analysis (ABA) was medically necessary could not get Medicaid coverage for the treatment. The injunctive relief Plaintiffs sought was both prohibitory – deleting that section of the state's Behavioral Health Services Rule (the "Rule") which included autism as a diagnosis ineligible for treatment– and affirmative – including ABA in the Rule as a covered treatment. D.E. 63 at 12(C)(i)-(ii).

AHCA argued that ABA was not coverable under Medicaid for two reasons: 1) it did not meet the definition of "rehabilitative" under the Medicaid Act, and 2) even if ABA could be covered, it was experimental. *See* D.E. 72. AHCA also argued that if Plaintiffs prevailed, the state would face significant costs in covering ABA for EPSDT eligible children. D.E. 115 at 10-11, ¶¶34-39.

The District Court rejected AHCA's arguments and granted Plaintiffs all of their requested injunctive relief, including: 1) deleting autism as a diagnosis ineligible for treatment under the Service Exclusions (prohibitory relief); and 2) including ABA as a covered treatment for autism (affirmative relief ordering AHCA to inform providers and establish authorization codes). D.E. 123 at 25-26, ¶¶1-7. The District Court also granted the Declaratory Judgment, finding AHCA violated both the EPSDT and Comparability requirements of the Medicaid Act. D.E.144.

On appeal, AHCA argued that the District Court had abused its discretion on three matters. D.E. 213-2 (AHCA Initial Br,) at 14. [1] First, AHCA asserted that the Injunction eliminated the state's authority to perform individual medical necessity determinations for nonparties prescribed ABA. D.E. 213-2 at 26-38. Second, AHCA argued that, "*[e]ven if the medical-necessity limitation could be ignored,*" the District Court abused its discretion by extending affirmative injunctive relief to nonparties in the absence of a certified class. [2] D.E. 213-1 at 38 (emphasis added); *see also id*. at 14, 38-45. Third, AHCA claimed that the trial court abused its discretion by adopting verbatim the Declaratory Judgment order proposed by Plaintiffs.[3] D.E. 213-1 at 14, 45- 49. AHCA asked the Eleventh Circuit to vacate both orders and limit relief to the three Plaintiffs. *Id*. at 50.

---

[1] In the appellate briefs (D.E. 213-1; 213-2; 213-3; 213-4) pagination is to the District Court watermark at the topmost portion of the page rather than to the number at the bottom or the appellate court watermark.

[2] For purposes of clarification, AHCA's second issue was more than an "extension" of its first argument (D.E. 215 at 11), "eliminating case-by-case medical necessity analysis for ABA treatment." *Id.* at 9, n. 4. AHCA argued that the trial court abused its discretion by ordering AHCA to provide ABA as a covered non-experimental treatment – affirmative injunctive relief extending to nonparties in the absence of a certified class. *See* D.E. 213-1 at 14, 38-45.

[3] The only parts of the injunction AHCA did not appeal were the order to strike 2-1-4 (that section of the Rule which included autism as a diagnosis ineligible for coverage) and the order to provide the three Plaintiffs with ABA coverage. D.E. 213-1 at 25.

While ordering modifications to two paragraphs of the Injunction, and adding two paragraphs to the Declaratory Judgment, the Circuit Court found that there was no abuse of discretion even as to AHCA's first issue. *See Garrido v. Dudek,* 731 F.3d 1152, 1160-1161 (11th Cir. 2013). Rather, in affirming, the appeals court ruled, "[i]n sum, the district court did not abuse its discretion in issuing a permanent injunction. . . requir[ing] Medicaid coverage of this treatment." *Id.* at 1160.

Under 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), an objecting party must specifically set forth "a concise statement of the alleged error in the Magistrate Judge's ruling, and statutory, rule, or case authority, in support" of its position. AHCA's objections lack both specificity and support. *See* D.E. 216. Instead, AHCA simply attacks the Report and Recommendation ("R&R") by rewriting the relief it requested and the issues it raised on appeal. *See id.*

1. **The Magistrate Judge correctly concluded that AHCA did not prevail on its first appellate argument (medical necessity).**

AHCA asserts that modifications to ¶2 constitute an AHCA victory on the Agency's first appellate issue (medical necessity), and that the Magistrate Judge's suggestion that "AHCA's appeal was not well founded" is "mistaken." [4] D.E. 216 at 3-4 (Objection "A"). AHCA cites no statute, rule, or case authority in support of its objection. *See id*. The only support AHCA offers for Objection A is this single sentence purportedly demonstrating that the Eleventh Circuit "agreed" that AHCA prevailed: "the district court's order for injunctive relief is broadly worded and is not explicitly limited to the provision of 'medically necessary' ABA treatment for eligible recipients." D.E. 216 at 3 (citing *Garrido*, 731 F. 3d at 1159). Rather than demonstrating

---

[4] To clarify, what the Magistrate Judge concluded was that AHCA's "argument" that Plaintiffs are not the prevailing party was "not well taken." D.E. 215 at 6.

3

"agreement," however, this quote actually highlights the difference between AHCA's arguments and the appellate court's conclusions.  AHCA did not argue that the order was "*not explicitly limited* to the provision of 'medically necessary' ABA treatment."  Rather, AHCA argued that the Injunction "*require[d]*" ABA coverage for a broad class of Medicaid recipients "*without any exceptions*," "*forbid[ing]*" AHCA from reviewing medical necessity and leaving "*no room to determine medical necessity*" and  "*no role to play in the decision.*" See D.E. 213-1 at 31-33 (emphasis added).

The Magistrate Judge correctly observed that the Eleventh Circuit  found no intent to remove the state's authority to decide medical necessity. *See* D.E. 215 at 8.  Among other things, the R&R noted that the question of individual medical necessity determinations (other than for Plaintiffs) was not before the trial court.  *Id*. at 8, n. 3; *see also Garrido,* 731 F.3d at 1160.  The Magistrate Judge also cites two events discussed by the Eleventh Circuit that further illuminated the District Court's intent. D.E. 215 at 8.  First, the District Court denied AHCA's Motion for Partial Stay Pending Appeal because the "injunction does not prevent the State from performing individual medical necessity determinations." D.E. 183 at 18; *see also Garrido*, 731 F.3d at 1160 ("deference is due the interpretation placed on the terms of an injunctive order by the court that issued and must enforce it") (quoting *Alley v. U.S. Dep't of Health & Human Servs*., 590 F.3d 1195, 1202 (11th Cir. 2009)).  Second, the District Court had "already rejected motions for contempt" by nonparties who were "erroneously under the impression that the ruling had deemed the treatment always medically necessary." D.E. 215 at 8 (citing *Garrido*, 731 F.3d  at 1160).

AHCA now objects that consideration of these events "erroneously holds AHCA accountable for knowledge of events that happened after AHCA perfected its appeal." D.E. 216 at 7 (Objection "D").  AHCA, however, cites no authority for the proposition that and event

4

occurring after an appeal is filed must be excluded from the appellate court's consideration.[5] Nor did AHCA file a petition for rehearing objecting that the Circuit Court of Appeals had cited these events in ruling that "the district court did not abuse its discretion." *Garrido*, 731 F.3d at 1160.

The R&R also correctly noted that there was never any dispute that ABA must be medically necessary for the individual and that the state has a role in making those determinations.[6] D.E. 215 at 8; *see also* D.E. 98-1 at 12; D.E. 164, D.E. 166, D.E. 169, D.E. 171; DE 183. Accordingly, the Magistrate Judge observed that the interpretation "advocated by Plaintiffs themselves on appeal" was that "the District Court's ruling ([] did not have the effect of eliminating AHCA's discretion to determine medical necessity on a case-by-case basis)." D.E. 215 at 8. Regarding this observation, AHCA "strongly objects to Magistrate Goodman's apparent conclusion that parties to litigation can agree between themselves to limit the scope of an overly broad court order." D.E. 216 at 8. This unsupported objection erroneously concludes that parties cannot propose mutually agreeable modifications obviating the need for appeal and that only the Eleventh Circuit could order modifications. AHCA also objects to the Magistrate

---

[5] Throughout the Agency's briefing on the motion for stay and on appeal, AHCA's expressed concern was being held in contempt if the state exercised its undisputed authority to perform individual medical necessity determinations. Thus, when the district court responsible for enforcing the injunction stated that the state's purported concern was based on a misreading of the order and that the state's authority regarding individual medical necessity determinations was untouched, such a ruling is indisputably relevant. Moreover, the issue is not whether AHCA can be held responsible for "knowledge of events" occurring after the appeal is filed, but whether the appellate court can consider an event which occurred after briefing was complete but prior to oral argument and the court's ruling.

[6] Because there was never any dispute that ABA must be individually medically necessary and that the state had a role in making that determination, it is disingenuous for AHCA to now argue that the Agency prevailed because the modifications constitute "all the relief they sought." D.E. 216 at 6. Indeed, the Magistrate Judge correctly found that the issue of wording was not the full scope of the appeal. D.E. 215 at 9. But if AHCA's current claim were true, the inescapable conclusion would be that AHCA's appeal was unnecessary.

Judge's observation because "AHCA cannot and will not disregard a court order. When a district court clearly states…., then AHCA complies." *Id*. Again, AHCA provides no statute, rule, or case authority in support of their position.[7]

In sum, with regard to the Injunction's modified wording, the Magistrate correctly concluded that "[i]t is not true . . .that AHCA even legally prevailed on an issue with regard to that wording." D.E. 215 at 9. Moreover, both objections "A" and "D" ignore the fact that **Plaintiffs are not billing for time spent in challenging AHCA's first issue on appeal regarding medical necessity and the state's role**. D.E. 209-2 (MH Affidavit ) at 10, ¶17; *see also* D.E. 215 at 15.

    **2. The Magistrate Judge correctly concluded that AHCA did not prevail on its second appellate argument (affirmative relief to nonparties).**

AHCA next argues that the modifications to ¶6 constituted victory on its second appellate argument. D.E. 216 at 4-5 (Objection "B"). However, the second argument in AHCA's Initial Brief was not restricted to ¶6. Rather, AHCA argued that "the district court abused its discretion in ordering injunctive relief to nonparties, when such relief was effectively class-wide relief with no certified class, and when such relief was not necessary to provide complete relief to Plaintiffs." *See* D.E. 215 at 4 (quoting D.E. 213-1 at 14); *see also* D.E. 213-1 at 38-45. Being

---

[7] It is also worth noting here that AHCA *never* presented any evidence in its Motion for Partial Stay that it was providing ABA to children for whom the treatment was not medically necessary. D.E. 158; D.E. 164. Nor did it present any evidence that it was even providing ABA to a significant number of children with autism for that matter. *Id*. AHCA submitted a declaration that 482 prior authorization requests had been approved. *Id*. But this did not mean 482 children were receiving ABA treatment in the four months following entry of the Permanent Injunction. The number of children receiving ABA was significantly lower. In response to a public records request for data indicating the number of children who had actually received treatment, AHCA stated "190 claims for reimbursement have been submitted"; "153 claims have been paid"; and "37 claims have been voided." D.E. 164-1 at 2. AHCA did not indicate how many children were actually receiving ABA. Nor did it clarify if the "153" figure represented individual recipients or the congregate number of claims received, e.g. 15 children whose providers had submitted reimbursement claims for 10-11 sessions each.

ordered to provide ABA as a covered benefit – available to nonparties as well as Plaintiffs – was central to AHCA's appeal. D.E. 213-1 at 42 ("an injunction directing AHCA to cover the ABA services of Plaintiffs would have been sufficient to provide complete relief to the parties."). Indeed, after being enjoined to inform providers of the procedures by which ABA could be requested, provided, and reimbursed, (*see* D.E. 123 at 26, ¶¶ 3-5), AHCA also told providers that ***"[t]he Agency intends to appeal the order and that if the ruling is overturned Medicaid will cease to cover these services for the treatment of autism.*** " [8] D.E. 140-2 at 1; D.E. 213-4 at 9 (emphasis added).

In now asserting that "Magistrate Goodman misconstrued the basis and import of the Eleventh Circuit's ruling" (D.E. 216 at 1) and that the modifications meant AHCA prevailed (D.E. 216 at 5), the Agency acts as though it never told providers it would cease to provide ABA treatment for autism if it prevailed on appeal.  Nor does AHCA recall that it asked the court of appeals to "vacate the injunctive and declaratory relief and remand for entry of a limited order affording relief only to the Plaintiffs" (D.E. 213-1 at 51) or that its Initial Brief argued affirmative injunctive relief benefiting nonparties was broader than what the Plaintiffs required and improper without a certified class. D.E. 213-1 at 14, 38-45; *see also* D.E. 213-3 (Pls.' Br.) at 44-49. [9]  And with regard to this second appellate issue (as well as the first) the Eleventh Circuit

---

[8] AHCA attempts to capitalize on the Eleventh Circuit's scrivener's error in the statement, "Dudek does not challenge . . . that section of the permanent injunction invalidating the Handbook Rule *excluding ABA treatment* from Medicaid coverage." See D.E. 216 at 1,5 (citing *Garrido*, 731 F. 3d at 1158) (emphasis added).  To clarify, what 2-1-4, the invalidated portion *of* the Rule, *excluded was Medicaid coverage for any treatment of autism or autism spectrum disorder.  See*  D.E. 213-3 at 72.  As this error is in dicta and had no impact on the ruling, Plaintiffs did not file for rehearing and respectfully offer this clarification as it pertains to fees.

[9] As the record demonstrated, the Rule specifically excluded coverage of any treatment for certain diagnoses, including autism. *See* D.E. 213-3 at 72.  Further, under the Rule, only treatments for which there are procedure codes can be covered, and there was no procedure code for ABA. *See* D.E. 213-3 at 73-74.  Rules apply statewide, and the state cannot apply some

ruled that there was "no abuse of discretion in issuing a permanent injunction that . . . requires Medicaid coverage of this treatment." *Garrido,* 731 F.3d at 1160.  Thus, the Magistrate Judge correctly concluded that "[i]t is not true . . .that AHCA even legally prevailed on an issue with regard to that wording."  D.E. 215 at 9.

Objection B (D.E. 216 at 4-5) is also inconsistent with AHCA's Reply Brief where it newly argued that it was not appealing ¶6. *See* D.E. 213-2 at 16, n. 5.  AHCA cannot logically argue now that the Agency prevailed because paragraph ¶6 was modified when it previously submitted a Reply Brief claiming that it was not appealing ¶6. *See id.*  As noted, AHCA's arguments have shifted dramatically throughout this case. *See* D.E. 209-2 at 4-6, ¶¶8-9.  However, while AHCA's arguments have shifted, the Agency never altered its request for relief.  Thus, for the purposes of determining prevailing party, a straightforward, efficient inquiry is whether AHCA achieved what it requested on appeal.

In answering this inquiry, the Magistrate Judge correctly observed, "it is readily apparent that AHCA's ultimate goals are not confirmed by the Court of Appeal's opinion." D.E. 215 at 9.  AHCA's "ultimate goal" was for the Eleventh Circuit to "*vacate the injunctive and declaratory relief and remand for entry of a limited order affording relief only to the Plaintiffs.*"  D.E. 213-1 at 51 (emphasis added).  The appeals court not only rejected AHCA's vacatur request, it ordered, *sua sponte*, that both the previously unpublished Declaratory Judgment and the Injunction be published in their entirety with undisputed modifications. *See Garrido,* 731 F.3d at 1161.

---

Medicaid rules to some parties and not to others. *See* 42 U.S.C. § 1396a(a)(1) (obligating states to operate their Medicaid programs uniformly "in all political subdivisions of the State . . . and be mandatory upon them."); D.E. 98-1 at 7, ¶¶ 35-40; D.E. 213-3 at 47-48.  Indeed, while the scope of affirmative relief was not at issue in the district court, testimony at trial revealed that K.G. never received Medicaid coverage of ABA as a result of the Preliminary Injunction ordering that AHCA provide it (D.E.147 at 117; D.E. 148 at 12) and the trial court appropriately issued affirmative injunctive relief enjoining AHCA to operationalize and ensure ABA be provided.  D.E. 123 at 26, ¶¶3-5.

8

Plainly, AHCA did not receive the relief it requested. The only relief the Agency received were modifications "which effectively reworded some paragraphs to better reflect what the District Court meant in its opinion." D.E. 215 at 11.

### 3. The Magistrate Judge correctly concluded that Plaintiffs prevailed.

AHCA raises objections of fact and law in arguing that Plaintiffs did not prevail. Their factual objection, i.e. the Magistrate's "erroneous statement" that the Plaintiffs "were . . . forced to bear the expense of the appellate process to ensure that the fundamental relief they sought and received from the District Court was not vacated" (D.E. 216 at 5 (quoting D.E. 215 at 12)), is based on two "upside down, black is white, Alice in Wonderland" arguments.

First, AHCA objects that the Magistrate's Judge's analysis has been "misguided by the rabbit trail that AHCA challenged the District Court's order on an abuse of discretion standard." D.E. 216 at 6 (Objection "C"). Then, after conceding that "abuse of discretion" is the relevant standard, AHCA purports to read the minds of the panel, concluding that they did not mean what they ruled because "the Eleventh Circuit must have determined that the District Court did abuse its discretion . . . or it would not have struck the language." D.E. 216 at 6. Again, AHCA offers no statute, rule, or case authority in an objection that defies logic.

Second, AHCA argues that it is incumbent on the Plaintiffs/Appellees, who achieved complete success on their claims at the trial court, to achieve additional relief on appeal in order to "prevail" and objects because "Plaintiffs won nothing from the appeal." D.E. 216 at 6. Here, unlike the other objections, AHCA offers "authority." However, the case AHCA cites in support of its position is clearly distinguishable. D.E. 216 at 6 (citing *Clark v. City of Los Angeles*, 803 F.2d 987, 993 (9th Cir. 1986)). The Clark plaintiffs/appellees "abandoned their claim after losing on appeal." *Clark*, 803 F.2d at 993. In this case, Plaintiffs neither abandoned their claim nor

lost on appeal. In contrast to AHCA's support, the Magistrate Judge cites relevant Eleventh Circuit authority defining a prevailing plaintiff/appellee as one who prevails on appeal when "successfully defending an attack on the award in his favor [.]" D.E. 215 at 6 (quoting *Fewquay v. Page*, 907 F.2d 1046 (11th Cir. 1990)). And when, as here, "plaintiff incurs expenses in defending against the appeal that are reasonable even though they are not crowned in complete success, ordinarily he should be entitled to reimbursement on those fees; he had no choice but to incur them or forfeit his victory in the district court." *Id*. (quoting *Ustrak v. Fairman*, 851 F.2d 983 (7th Cir. 1988)).

Further, in 42 U.S.C § 1988 fee litigation, Plaintiffs prevail if they "succeed on any significant issue….which achieves some benefit the parties sought in bringing suit [and can] point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989). Here, Plaintiffs brought this suit seeking an order that ABA be a covered Medicaid treatment for children with autism. From the outset, they were clear that their requested affirmative injunctive relief would benefit nonparties. *See, e.g*., D.E. 27 at 3. After achieving this benefit at the trial level, they successfully defeated AHCA's overbreadth challenge and the Agency's request that the orders be vacated and relief limited to the Plaintiffs.

## Conclusion

Because AHCA has chosen to continue this litigation by filing objections lacking any support, Plaintiffs are now requesting supplemental fees in the amount of $ 45,559 for additional time spent litigating appellate fees. *See Martin v. Univ. of So. Ala.*, 911 F. 2d. 604 (11th Cir. 1990) (holding time spent litigating fees fully compensable). The time records attached to Plaintiffs' Declarations (*see* Composite Exhibit A) represent time spent preparing

Pls.' Reply in Support (D.E. 213); and this Response to AHCA's Objections. *See also* Exhibit B, summary chart of appellate fee request to date, including this supplemental request.

AHCA failed to identify any portion of the R&R that is either erroneous or contrary to law. As the District Court awarded all of Plaintiffs' requested relief and the Eleventh Circuit found that the district court had not abused its discretion, there is no doubt that Plaintiffs prevailed. Moreover, the ordered publication of the Declaratory Judgment and the Injunction, which establishes that ABA is a Medicaid covered autism treatment for EPSDT eligible children for whom it is medically necessary, memorializes the parties' changed "legal relationship." *Texas State Teachers Ass'n.*, 489 U.S. at 791-92. Thus, Plaintiffs respectfully request that this Honorable Court adopt Magistrate Judge Goodman's Report and Recommendation finding that Plaintiffs partially prevailed and are entitled to attorneys' fees in the amount of $ 209, 999 (D.E. 215), plus the Supplemental Fee Request of $ 45,559 for a total award of **$ 255,558.**

Respectfully submitted,

/s/ Miriam Harmatz
Miriam Harmatz
Florida Bar No. 0562017
Florida Legal Services, Inc.
3000 Biscayne Boulevard, Suite 102
Miami, Florida 33137
Tel.: 305/573-0092
Fax: 305/576-9664

s/Monica Vigues-Pitan
Monica Vigues-Pitan
Florida Bar No. 0685011
Legal Services of Greater Miami, Inc.
11285 S.W. 211 Street, Suite 302
Miami, FL 33189
305/232-9680
Fax: 305/232-3616
MViguesPitan@lsgmi.org

## **CERTIFICATE OF SERVICE**

      I HEREBY certify that on the 15th day of October, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which generates a notice of the filing to all attorneys of record.


                                 /s/ Miriam Harmatz
                                 Miriam Harmatz