UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20684-CIV-LENARD/GOODMAN

K.G., et. al.

    Plaintiff,
v.

Elizabeth Dudek

    Defendant.
_____/

### **PLAINTIFFS' RESPONSE OPPOSING DEFENDANT'S MOTION TO STRIKE**

Defendant AHCA's Motion to Strike, D.E. 219, should be denied.  As a preliminary matter, AHCA's request is not allowed under the Federal Rule pertaining to such motions. Pursuant to Fed. Rule Civ. P. 12(f), "the court may strike from a *pleading*[1] an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added). Motions to strike are generally not available to strike other material.  *See, e.g., Friedlander v. Troutman et al*, 595 F. Supp. 1442, 1443 (N.D. Ga. 1984), *rev'd on other grounds*, 788 F. 2d 1500 (11th Cir. 1986) (noting that "although state practice allows motions to strike affidavits, this Court does not entertain them"); *Smith v. Southeastern Stages, Inc.*, 479 F. Supp. 593, 594 (N.D. Ga. 1977) ("motion to strike is only appropriately addressed toward matters contained in the pleadings") (citations omitted).  *See also, Ysais v. New Mexico Judicial Standard Comm'n,* 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (while a motion to strike under Federal Rule of Civil Procedure 12(f) applies only to material contained in a pleading, "[t]he exception to this

---

[1] "Pleadings" include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint, and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7.

1

principle is that a Court may 'choose to strike a filing that is not allowed by local rule…'" (internal citations omitted)).  Here, Defendant has not only failed to acknowledge the limited scope of Rule 12(f), she has offered no authority for deviating from the technical application of the Rule.

Moreover, even when properly filed in response to matters in a *pleading*, motions to strike are strongly disfavored, and the burden on the moving party is significant.  *See, e.g., Augusts v. Bd. of Pub. Instruction,* 306 F. 2d 862, 868 (5th Cir. 1962) ("[a] disputed question of fact cannot be decided on a motion to strike"); *Cherry v. Crow*, 845 F. Supp. 1520, 1524 (M.D. Fla. 1994) (motions to strike "are not favored, and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties").

In support of its motion, AHCA offers no authority for opposing Plaintiffs' right to request fees for the time spent in litigating fees petition.  And while AHCA has a right to "vigorously prosecute its case and file objections to the Report and Recommendation"  (D.E. 219 at 1), Plaintiffs similarly have a right to request reasonable fees for the time spent in defending their fee petition. *See Martin v. Univ. of So. Ala.*, 911 F. 2d. 604, 610 (11th Cir. 1990) (holding time spent litigating fees fully compensable), *citing Johnson v. University College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1207 (11th Cir.1983); *see also, e.g., Gagne v. Maher*, 594 F.2d 336, 344 ( 2d Cir. 1979), *aff'd on other grounds*, 448 U.S. 122 (1980), *cited with approval, Immigration & Naturalization Service v. Jean*, 496 U.S. 154, 162 (1990) ("'"[D]enying attorneys' fees for time spent in obtaining them would `dilute the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees' ").[2]

---

[2] AHCA's asserts that Plaintiffs/appellees cannot "attempt to go back into closed fee reports and resurrect fees for time not previously claimed" (D.E. 219 at 1) is specious. As noted above, it is well established that time spent litigating fees is fully compensable. *See Martin v. Univ. of So.*

Plaintiffs would not have opposed a motion by AHCA for an enlargement of time in which to respond to the reasonable of additional fees requested. However, Plaintiffs never received such a request.  Rather, at 3:18 p.m. on October 27, 2014, undersigned counsel received a voice mail from opposing counsel asking if we opposed a motion to strike and a similar email was sent at 12:48 p.m. on the same day, October 27, 2014.  Undersigned counsel was in a meeting and did not see the email or get voicemail until after the motion to strike had already been electronically filed with the court at 4:55 p.m. Co-counsel Monica Vigues-Pitan was not contacted by AHCA by either phone or email.

### Conclusion

Under Fed. R. Civ. P. 12(f) and well-established case law, Defendant's Motion to Strike should be denied.

Respectfully submitted,

s/Miriam Harmatz
Miriam Harmatz
Florida Bar No. 0562017
Florida Legal Services, Inc.
3000 Biscayne Blvd., Suite 102
Miami, FL 33137
305/573-0092  ext. 206
Fax: 305/576-9664
Miriam@floridalegal.org

---

*Ala.*, 911 F. 2d. 604 (11th Cir. 1990).  Further, throughout their fee filings, Plaintiffs have reserved the right to seek reimbursement for time spent in fee litigation should the litigation continue. *See, e.g*., D.E. 213 at 5, n. 6; D.E. 209 at 9, n. 3. The fact that they did not do so earlier does not waive their right from doing so now.  Moreover, as the time records reflect, Plaintiffs have reduced their number of supplemental requested hours by over 50% so as to avoid any dispute over whether the amount of time billed was "reasonable." Finally, Plaintiffs are not requesting fees for the time spent on this document, but reserve the right to do so should this litigation continue.

Monica Vigues-Pitan
Florida Bar No. 0685011
Legal Services of Greater Miami, Inc.
11285 SW 211 Street, Suite 302
Miami, Florida 33189
305/438-3817
Fax: 305/232-3626
MViguesPitan@lsgmi.org

## Certificate of Service

I hereby certify that on the 7th day of November, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which generates a notice of the filing to all attorneys of record.

/s/ Miriam Harmatz
Miriam Harmatz