U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DOCKET FOR CASE #: 1:11-cv-20684-JAL

K.G., by and through his next friend,
Iliana Garrido, I.D., by and through his next friend,
Nilda Rivera, and C.C., by and through his next friend,
Rachelle Crawford,

    Plaintiffs,

v.

Elizabeth Dudek, in her official capacity
as Secretary, Florida Agency for Health Care
Administration.

    Defendant.
_____/

## DEFENDANT'S NOTICE OF APPEAL OF ORDER ADOPTING

## REPORT AND RECOMMENDATIONS

    NOTICE is hereby given that Defendant, ELIZABETH DUDEK, in her official capacity as Secretary of the Florida Agency for Health Care Administration (hereafter, "AHCA"), through her undersigned attorneys, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order Adopting Report and Recommendations on Plaintiff's Application for Appellate Attorneys' Fees (D.E. 215), Granting in Part Plaintiffs' Application for Appellate Attorneys' Fees (D.E. 209), Denying Plaintiffs' Request for Additional Fees (D.E. 217), and Denying as Moot Defendant's Motion to Strike (D.E. 219) entered in this action on the 26th day of June, 2015, a copy of which is attached hereto.

DATED: July 17th, 2015

                                        Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL


/s/ CHARLES M. FAHLBUSCH
Special Counsel Assistant Attorney General
Florida Bar No. 0191948
OFFICE OF THE ATTORNEY GENERAL
Civil Litigation Division
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, Florida 33301
*Attorney for Elizabeth Dudek*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed electronically with the Court's CM/ECF filing system, which will generate an electronic notice of filing to all parties who have requested or consented to electronic service in this case, on this 17th day of July, 2015.

/s/ CHARLES M. FAHLBUSCH
Special Counsel Assistant Attorney General

## SERVICE LIST

**Betsy Ellen Havens**
Disability Rights California
350 South Bixel Street
Los Angeles, CA 90017
Email: betsy@floridalegal.org

**Neil David Kodsi**
The Law Offices of Neil D. Kodsi
Plantation Corporate Center
Two South University Drive
Suite 315
Plantation, FL 33324
Email: nkodsi@ndkodsilaw.com

**Justin M. Senior**
Agency for Health Care Administration
2727 Mahan Drive
MS #3
Tallahassee, FL 32303
Email: seniorj@ahca.myflorida.com

**Andrew T. Sheeran**
Agency for Health Care Administration
Office of the General Counsel
2727 Mahan Drive
Building 3, MS #3
Tallahassee, FL 32308
Email: Andrew.Sheeran@aca.myflorida.com

**Debora E. Fridie**
Agency for Health Care Administration
Office of the General Counsel
2727 Mahan Drive
Building 3, Mailstop 3
Tallahassee, FL 32308-5407
Email: Debora.fridie@ahca.myflorida.com

**Miles Ambrose McGrane, III.**
The McGrane Law Firm
9100 South Dadeland Blvd.
Suite 1500
Miami, FL 33156
Email: mmcgrane@mn-lawfirm.com

**Monica Vigues**
Legal Services of Greater Miami
11285 SW 211 Street
Suite 302
Miami, FL 33189
Email: mviguespitan@lsgmi.org

**Miriam E. Harmatz**
Florida Legal Services Inc
Miami Advocacy Office
3000 Biscayne Boulevard
Suite 450
Miami, FL 33137
Email: miriam@floridalegal.org

**Stuart F. Williams**
Agency for Health Care Administration
2727 Mahan Drive
Mailstop 3
Tallahassee, FL 32308-5407
Email: Stuart.Williams@ahca.myflorida.com

**Leslei Gayle Street**
Agency for Health Care Administration
Office of the General Counsel
2727 Mahan Drive
MS #3
Tallahassee, FL 32308
Email: Leslei.Street@ahca.myflorida.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20684-CIV-LENARD/GOODMAN

K.G., et al.,

    Plaintiffs,

v.

ELIZABETH DUDEK,
Secretary of the Florida Agency
for Health Care Administration,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS ON PLAINTIFFS' APPLICATION FOR APPELLATE ATTORNEYS' FEES (D.E. 215), GRANTING IN PART PLAINTIFFS' APPLICATION FOR APPELLATE ATTORNEYS' FEES (D.E. 209), DENYING PLAINTIFFS' REQUEST FOR ADDITIONAL FEES (D.E. 217), AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE (D.E. 219)

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Jonathan Goodman ("Report," D.E. 215), entered September 17, 2014, recommending the Court award Plaintiffs $209,999 in appellate attorneys' fees. Defendant filed Objections to the Report on October 1, 2014 ("Objections," D.E. 216), to which Plaintiffs filed a Response on October 15, 2014 ("Response," D.E. 217). In the Response, Plaintiffs submitted an additional claim for fees incurred litigating the appellate fees issue. (See id. at 10.) On October 27, 2014, Defendant filed a Reply to Plaintiffs' Response ("Reply," D.E. 218), and separately filed a Motion to Strike Plaintiffs' Additional Attorneys' Fees Request ("Motion to Strike," D.E. 219). Plaintiffs filed a Response to the Motion to Strike on

November 7, 2014 (D.E. 220), to which Defendant filed a Reply on November 17, 2014 (D.E. 221). Upon review of the Report, Motions, Responses, Replies, and the record, the Court finds as follows.

I.  **Background**

   a.  **Factual background**

Plaintiffs are three children with autism spectrum disorders ("ASD") who depend on Medicaid for coverage of their treatment. See Garrido v. Dudek, 731 F.3d 1152, 1155 (11th Cir. 2013). All three children were prescribed applied behavioral analysis ("ABA") by their physicians after receiving "early and periodic screening, diagnostic, and treatment services" ("EPSDT"). Id. Under the Medicaid Act, when ASD is discovered during EPSDT screenings, Florida's Agency for Health Care Administration ("AHCA") is required to "provide any treatment 'necessary' 'to correct or ameliorate' those conditions, whether or not the treatment is covered by the state's plan." Id. (quoting 42 U.S.C. § 1396d(r)(5)). "[F]or a treatment to be "medically necessary" and covered by Florida Medicaid, the treatment must be, inter alia, 'individualized [and] specific,' 'not in excess of the patient's needs,' and 'not experimental.'" Id. (quoting Fla. Admin. Code r. 59G-1.010(166)(a)). At the time of Plaintiffs' diagnoses, AHCA had a blanket policy that deemed ABA to be experimental and medically unnecessary for the treatment for ASD. Id. at 1155-56. Accordingly, AHCA denied Plaintiffs' requests for Medicaid coverage for the prescribed ABA treatment. Id. at 1156.

b.  **Trial and appeal**

On February 28, 2011, Plaintiff K.G., through his next friend, Iliana Garrido, filed this lawsuit against AHCA[1] under 42 U.S.C. § 1983. (D.E. 1.) The other two Plaintiffs were added on September 12, 2011, in the First Amended Complaint. (D.E. 63.) Plaintiffs argued that the denial of ABA treatment violated (1) the Medicaid Act's EPSDT provision requiring AHCA to cover necessary treatments for ASD discovered during EPSDT examinations and (2) the Medicaid Act's comparability requirement provision, which ensures equitable treatment of beneficiaries. (Id. ¶¶ 58-67.)

Plaintiffs prevailed at trial. See K.G. ex rel. Garrido v. Dudek, 864 F. Supp. 2d 1314, 1320-22 (S.D. Fla. 2012). The Court's post-trial Order states, in relevant part, that "ABA is 'medically necessary' and is not 'experimental' as defined under Florida administrative and federal law," and "that the determination by AHCA that ABA is experimental was arbitrary, capricious and unreasonable both in its process and conclusion." Id. at 1320-22. The Court also permanently enjoined AHCA from enforcing the rule in its handbook barring coverage of ABA for ASD, and ordered AHCA to "provide, fund, and authorize Applied Behavioral Analysis treatment for Plaintiffs K.G., I.D., and C.C., as well as to all Medicaid-eligible persons under the age of 21 in Florida who have been diagnosed with autism or Autism Spectrum Disorder, as prescribed by a physician or other licensed practitioner." Id. at 1327-1328.

---

[1]  Although Elizabeth Dudek is the named Defendant in her capacity as the Secretary of the AHCA, to be consistent with the Parties' pleadings and Judge Goodman's Report, the Court will treat AHCA as the "Defendant" herein.

On November 16, 2012, AHCA appealed the Court's ruling to the Eleventh Circuit Court of Appeals. (See Initial Brief of Appellant, D.E. 213-1.) Appellants Initial Brief articulates the three issues on appeal as:

> I. Whether the district court abused its discretion in ordering Florida's Medicaid administrator to authorize and provide specific treatments to all autistic Medicaid recipients under twenty-one with a prescription for such treatment, without permitting the State to make individualized medical-necessity determinations.
>
> II. Whether the district court abused its discretion in ordering injunctive relief to nonparties, when such relief was effectively class-wide relief with no certified class, and when such relief was not necessary to provide complete relief to Plaintiffs.
>
> III. Whether the district court abused its discretion in entering verbatim Plaintiffs' proposed order for declaratory relief, which purports to provide relief to nonparties.

(Id. at 14.)[2] The Eleventh Circuit affirmed the Court's ruling, but vacated in part and remanded for a modification of the Injunction and Declaratory Judgment to clarify that the Court did not (1) remove the state's authority to make individualized medical necessity determinations, or (2) grant injunctive relief to nonparties.[3] Garrido, 731 F.3d at 1160. Specifically, it held that

> the district court did not abuse its discretion in issuing a permanent injunction that overrules AHCA's determination that ABA is experimental (and AHCA's larger determination that ABA is never medically necessary) and requires Medicaid coverage of this treatment. And it is apparent that the district court is enforcing the injunction in that manner. However, because the language in the injunction's final section is out of step with the

---

[2] For Exhibits, the page numbers to which the Court cites are the page numbers generated by CM/ECF in the top-right corner of the document, not the page numbers assigned by the author of the Exhibit.

[3] The Eleventh Circuit did not address Issue III.

4

> district court's analysis and what was actually decided, we vacate the injunction in part and remand to the district court to modify Paragraphs 2 and 6 to read as follows:
>
>> 2. As of 10:50 a.m. on March 26, 2012, the State of Florida is hereby ordered to provide, fund, and authorize Applied Behavioral Analysis treatment to Plaintiffs K.G., I.D., and C.C.[4]
>>
>> . . . .
>>
>> 6. Defendant shall take whatever additional steps are necessary for the immediate and orderly administration of ABA treatment to Plaintiffs K.G., I.D., and C.C.[5]

Id. at 1360 (footnotes in original). The court of appeals ordered parallel modifications to be made to the Declaratory Judgment. Id. at 1361. Upon remand, this Court made the required modifications and re-issued the Injunction and Declaratory Injunction, as revised. K.G. ex rel Garrido v. Dudek, 981 F. Supp. 2d 1275 (S.D. Fla. 2013).

    c.    **Application for appellate attorneys' fees and Judge Goodman's Report**

The issue currently before the Court arose when the Eleventh Circuit remanded Plaintiffs "Application for Appellant [sic] Attorneys' Fees" "for a determination of Appellees' entitlement to appellate attorney's fees pursuant to 42 U.S.C. § 1988, and the reasonable amounts of appellate attorney's fees, if any, to be awarded." (D.E. 202.) The Court referred the matter to Judge Goodman, who concluded that (1) Plaintiffs were the "prevailing party" in the court of appeals, (Report at 13), and (2) Plaintiffs should be

---

    [4]    This modification deletes the part of paragraph 2 that formerly stated: "as well as to all Medicaid-eligible persons under the age of 21 in Florida who have been diagnosed with autism or Autism Spectrum Disorder, as prescribed by a physician or other licensed practitioner."

    [5]    This modification deletes the part of paragraph 6 that formerly stated: "for Medicaid-eligible persons under the age of 21 who have been diagnosed with autism or Autism Spectrum Disorder."

awarded $209,999 in appellate attorneys' fees, which was $58,891 less than requested, (id. at 24).

The crux of Judge Goodman's Report is that "AHCA's first two issues on appeal revolve wholly around an erroneous interpretation of the District Court's opinion." (Id. at 11.) Specifically, AHCA misinterpreted the Court's Injunction as eliminating the "medical necessity" requirement (Issue I) and, by extension, creating a whole class of nonparty beneficiaries who could enforce the injunction should AHCA deny a claim based on it not being "medically necessary," (Issue II). (See id.) Thus, it appealed claiming that this Court "abused its discretion" by both (1) eliminating the "medical necessity" requirement and (2) ordering injunctive relief to nonparties. (See D.E. 213-1 at 14.) However, the Eleventh Circuit held that this Court did not abuse it discretion, found that the Court did not intend to remove the State's statutorily-granted authority to decide medical necessity, affirmed the substance of the Court's Declaratory Judgment and Injunction, but vacated and remanded with instructions to modify the language to avoid the risk of erroneous misinterpretation. (Report at 8-9.) Thus, Judge Goodman found that Plaintiffs "did at least partially prevail on this appeal." (Id. at 10.)

## II.   Legal Standard

Upon receipt of the Magistrate Judge's Report and Defendant's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.

Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988); see United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009) ("a party that wishes to preserve its objection must . . . pinpoint the specific findings that the party disagrees with"). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. Discussion

#### a. Report and recommendation on appellate attorneys' fess

Pursuant to 42 U.S.C. § 1988, a court has the discretion to award attorney fees to a "prevailing party," which, on appeal, may be the "prevailing plaintiff successfully defending an attack on the award in his favor[.]" Fewquay v. Page, 907 F.2d 1046, 1046 (11th Cir. 1990); see also Ustrak v. Fairman, 851 F.2d 983 (7th Cir. 1988) ("[W]hen the defendant appeals and the plaintiff incurs expenses in defending against the appeal that are reasonable even though they are not crowned complete success, ordinarily he should be entitled to reimbursement of those fees; he had no choice but to incur them or forfeit his victory in the district court.") (emphasis supplied).

Judge Goodman found that Plaintiffs were the prevailing party on appeal. (Report at 13.) As previously mentioned, the crux of this finding was that AHCA's appeal was based on an incorrect interpretation of the Court's Injunction and Declaratory Judgment. (Id. at 11-13.) With respect to factual findings, Defendant's only specific objection is that the Report erroneously found that none of the modifications ordered to be made to the Injunction and Declaratory Judgment were based on AHCA's arguments to the court

of appeals. (Objections at 2-3.) It then makes the following sub-arguments, which may or may not be related to its specific objection: (1) Defendant prevailed on its first appellate issue; (2) Defendant prevailed on its second appellate issue; (3) Judge Goodman erroneously found that AHCA's appeal "forced" Plaintiffs to bear the expense of the appellate process; and (4) Judge Goodman erroneously held AHCA accountable for knowledge of events occurring before the district court after it had effected its appeal. (D.E. 216 at 2-7.) With respect to conclusions of law, Defendant argues that Judge Goodman erroneously concluded that Plaintiffs at least partially prevailed on appeal. (Id. at 7-8.)

### 1. Defendant did not prevail on its first appellate issue

First, Defendant argues that it prevailed on its first appellate issue. Issue I was presented to the court of appeals as follows:

> Whether the district court abused its discretion in ordering Florida's Medicaid administrator to authorize and provide specific treatments to all autistic Medicaid recipients under twenty-one with a prescription for such treatment, without permitting the State to make individualized medical-necessity determinations.

(D.E. 213-1 at 14.) However, the Eleventh Circuit determined that the Injunction did not remove the State's statutorily-granted authority to decide medical necessity on an individual basis. See Garrido, 731 F.3d at 1159-61. Thus, Issue I was based upon a misinterpretation of the Injunction—precisely as Judge Goodman found. (See Report at 11.)

Briefly, after analyzing the potentially misleading language in context, the Eleventh Circuit made clear that the Court did not intend to remove the individual

medical necessity requirement: "Plainly, despite the district court's broad order of relief at the end of the permanent injunction, the district court appeared to confine its analysis to a determination of whether ABA is experimental[.]" Garrido, 731 F.3d at 1159. It continued:

> Indeed, the question of individual medical necessity determinations—other than those of Plaintiffs K.G., I.D., and C.C.—was explicitly not before the district court. In the parties' amended joint pretrial stipulation, the parties agreed that a settled issue of law was that "[f]or any individual Medicaid recipient, the recipient has the burden of proving that a service is medically necessary." Instead, the focus of the evidence at the bench trial and the district court's findings was whether ABA treatment is experimental and consequently whether AHCA could categorically deny this form of treatment as being, in its judgment, medically unnecessary. Still, the language of the district court's ruling made it appear that the district court had made a wholesale determination that ABA is always medically necessary to treat a Medicaid-eligible minor's ASD.

Id. at 1160. Thus, as the court of appeals recognized, appellate Issue I was not before this Court because the Parties had stipulated that individual medical necessity was a prerequisite to AHCA providing coverage. See id.

In fact, on appeal, Plaintiffs themselves advocated that the Injunction did not have the effect of removing the State's statutorily-granted authority to decide medical necessity on an individual basis. (See D.E. 213-3 at 24 ("First, AHCA contends that the district court improperly enjoined it from making individual medical necessity determinations for Medicaid-eligible children. This is not at all what the court ordered. It is beyond dispute that Medicaid law and controlling precedent require that covered prescribed services be medically necessary for the individual patient and that the state

Medicaid agency plays a role in that determination.") (internal citations omitted).) Thus, the court of appeals adopted Plaintiffs' argument with respect to Issue I on appeal.

Finally, and significantly, the Eleventh Circuit noted that in denying Defendant's motion for partial stay pending appeal, this Court explicitly stated that the Injunction "did not eliminate individual medical necessity determinations." Id.

In sum, the Eleventh Circuit made clear that Issue I was premised on a misinterpretation of the Court's Injunction and Declaratory Judgment. In fact, this issue likely could have been dealt with by a motion for clarification to this Court. (See Report at 11 ("The vacate and remand section of the Court of Appeals ruling merely provided clarification (a clarification that Plaintiffs agreed with, it should be noted [see ECF No. 213-3, p. 27]), which effectively reworded some paragraphs to better reflect what the District Court meant in its opinion to avoid future misunderstandings . . . .").) Regardless, the Court agrees with Judge Goodman that Defendant did not prevail on Issue I.

### 2.     Defendant did not prevail on its second appellate issue

For the same reason that it did not prevail on Issue I, Defendant did not prevail on Issue II. That issue was presented to the court of appeals as follows:

> Whether the district court abused its discretion in ordering injunctive relief to nonparties, when such relief was effectively class-wide relief with no certified class, and when such relief was not necessary to provide complete relief to Plaintiffs.

(D.E. 213-1 at 14.) However, the Eleventh Circuit determined that the Injunction did not extend relief to non-parties. Thus, Issue II was based upon a misinterpretation of the Injunction—precisely as Judge Goodman found in his Report. (Report at 11.)

Perhaps most tellingly for purposes of this discussion, the court of appeals recognized that this Court had "already denied one motion for contempt filed by pro se nonparties and premised on the misunderstanding that the district court's permanent injunction order automatically entitled those nonparties to Medicaid coverage of ABA treatment." Id. (emphasis added). Thus, the Eleventh Circuit unambiguously stated that any notion that the Injunction provided relief to nonparties was a "misunderstanding." Id.

In sum, as with Issue I, the Eleventh Circuit made clear that Issue II was premised on a misinterpretation of the Court's Injunction and Declaratory Judgment. Again, this issue likely could have been dealt with by a motion for clarification to this Court. (See Report at 11 ("The vacate and remand section of the Court of Appeals ruling merely provided clarification (a clarification that Plaintiffs agreed with, it should be noted [see ECF No. 213-3, p. 27]), which effectively reworded some paragraphs to better reflect what the District Court meant in its opinion to avoid future misunderstandings . . . .").) In any event, the Court agrees with Judge Goodman that Defendant did not prevail on appellate Issue II.

### 3. Plaintiffs were forced to bear the expense of the appellate process

Next, Defendant argues that Judge Goodman erroneously found that the appeal forced Plaintiffs to bear the expense of the appeal. (Objections at 5.) Judge Goodman's Report states, in pertinent part: "Plaintiffs noted from the outset that AHCA was improperly reading the District Court ruling and that there was no abuse of discretion.

11

They were then forced to bear the expense of the appellate process to ensure that the fundamental relief they sought and received from the District Court was not vacated." (Report at 11.) Defendant argues that Judge Goodman's "analysis appears to have been misguided by the rabbit trail that AHCA challenged the District Court's order on an abuse of discretion standard." (Objections at 6.)

The Court rejects this argument. First, Defendant appealed on the basis that this Court abused its discretion. (See D.E. 213-1 at 14.) The Eleventh Circuit held that "the district court did not abuse its discretion . . . ." Garrido, 731 F.3d at 1160. Despite this unambiguous pronouncement from the court of appeals, Defendant boldly (and incorrectly) argues that, "the Eleventh Circuit must have determined that the District Court did abuse its discretion in issuing an order that broadly encompassed nonparties, or it would not have struck the language." (Objections at 6.) To the contrary, as demonstrated in Sections III(a) and (b), supra, the court of appeals "struck the language" to clarify that the Injunction did not, in intention or application, (1) remove the individual medical necessity determination requirement, or (2) entitle nonparties to Medicaid coverage of ABA treatment. Garrido, 731 F.3d at 1159-61. In other words, the entire appeal was premised upon an inaccurate interpretation of the Court's Order, and it was therefore entirely unnecessary. See id.

Although the appeal was unnecessary, Defendant apparently argues that because it was not attacking the relief Plaintiffs received from the Court's Order, they were not "forced" to defend their award on appeal. (Objections at 5-6.) Adopting this position would be to hold that when a losing party appeals a district court's order but does not

12

specifically attack the prevailing party's relief, the prevailing party is required to sit back and watch, blindly trusting the losing party to adequately represent its interests before the appellate court. That position is absurd.

Judge Goodman correctly found that Plaintiffs were required "to bear the expense of the appellate process to ensure that the fundamental relief they sought and received from the District Court was not vacated." (Report at 11.) Under Section 1988, "when the defendant appeals and the plaintiff incurs expenses in defending against the appeal that are reasonable even though they are not crowned by complete success, ordinarily he should be entitled to reimbursement of those fees; he had no choice but to incur them or forfeit his victory in the district court." Ustrak v. Fairmen, 851 F.2d 983, 990 (7th Cir. 1988).

### 4. Judge Goodman did not erroneously hold Defendant accountable for knowledge of district court events that occurred subsequent to AHCA's perfection of its appeal

Next, Defendant argues that Judge Goodman erroneously held it accountable for knowledge of events occurring in this Court after it perfected its appeal. (Objections at 7.) As previously discussed, in rejecting Defendant's argument that the Court's Injunction provided relief to nonparties, the Eleventh Circuit noted that "the district court has already denied one motion for contempt filed by pro se nonparties and premised on the misunderstanding that the district court's permanent injunction order automatically entitled those nonparties to Medicaid coverage of ABA treatment." Garrido, 731 F.3d at 1160. Judge Goodman cited to this statement in his Report, (D.E. 215 at 8), and Defendant appears to argue that the citation was somehow "erroneous," (Objections at 7).

13

The Court finds that Judge Goodman did not erroneously hold Defendant accountable for knowledge of events occurring in this Court after it perfected its appeal. Judge Goodman cited the at-issue statement to illustrate that the Eleventh Circuit determined that Defendant's appeal was premised on a misinterpretation of this Court's Order. (See id.) There is nothing erroneous about citing an appellate court's opinion for the proposition for which it stands. It certainly does not spontaneously render Defendant the prevailing party on appeal.

### 5. Judge Goodman properly found that Plaintiffs at least partially prevailed on appeal

Finally, Defendant objects to Judge Goodman's conclusion that Plaintiffs at least partially prevailed on appeal. For all of the reasons set forth above, the Court agrees with Judge Goodman that Plaintiffs at least partially prevailed on appeal. The Eleventh Circuit explicitly affirmed the Court's judgment with instructions to publish the Injunction and Declaratory Judgment as modified. See Garrido, 731 F.3d at 1161. Indeed, the Eleventh Circuit adopted Plaintiffs' argument that Defendant's appeal was premised on a misinterpretation of the Court's Order, and rejected Defendants' argument that the Court abused its discretion. Garrido, 731 F.3d at 1159-60. Regardless, as previously discussed, Plaintiffs were forced to bear the expense of the appellate process in order to ensure that their interests were adequately represented before the court of appeals. In such a situation, civil rights plaintiffs "should be entitled to reimbursement of those fees," even if their efforts "are not crowned by complete success[.]" Ustrak, 851 F.2d at 990.

The Court therefore adopts Judge Goodman's recommendation that Plaintiffs are entitled to an award of appellate attorneys' fees in the amount of $209,999.

### b.  Defendant's Motion to Strike Plaintiffs' Additional Fees Request

In their Response to Defendant's Objections, Plaintiffs request supplemental fees in the amount of $45,559 "for additional time spent litigating appellate fees. (Response at 10.) Defendant filed a Motion to Strike Plaintiffs' additional fee request, or in the alternative, an enlargement of time to review and respond to the additional fee request. (D.E. 219 at 1.) Plaintiffs argue that under Federal Rule of Civil Procedure 12(f), a motion to strike applies only to "pleadings" and, therefore, Defendant's motion is procedurally improper. (Response, D.E. 220 at 1-2.) Plaintiffs further state that they would have agreed to the requested enlargement of time, but did not receive the request until after Defendant's Motion was filed. (Id. at 3.) In its Reply, Defendant argues that Plaintiffs untimely and improperly submitted a request for additional fees in their Response to Defendant's Objections to Judge Goodman's Report, rather than in a proper motion. (D.E. 221 at 1.) It also argues that "[t]here is no statute, rule, or court order permitting these Plaintiffs to file attorney's fees claims seriatim." (Id.)

"It is well settled that time expended litigating attorney fees is fully compensable" under 42 U.S.C. § 1988. Martin v. Univ. of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990) (citing Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1207 (11th Cir. 1983)). However, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1) (emphasis added). Because Plaintiffs' request for additional attorneys'

15

fees was improperly submitted—buried at the end of their Response to Defendant's Objections to Judge Goodman's Report—the court will not consider it.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge (D.E. 215), entered September 17, 2014, is **ADOPTED**;

2. Plaintiffs' Application for Appellate Attorneys' Fees (D.E. 209) is **GRANTED IN PART** and Plaintiffs are awarded $209,999 in appellate attorneys' fees, for which sum let execution issue; and

3. Defendant's Motion to Strike Plaintiffs' Additional Appellate Attorneys' Fees Request is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 26th day of June, 2015.

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE